| | | |
|---|---|---|
| 1 | Jack Jmaev (SBN: 216,416) | Edward L. Bishop (admitted *pro hac vice*) |
| | jack@puritanlaw.com | |
| 2 | PURITAN LAW GROUP | ebishop@bdl-iplaw.com |
| | 500 N. STATE COLLEGE BLVD. | Nicholas S. Lee  (admitted *pro hac vice*) |
| 3 | ORANGE, CA 92868 | |
| | Phone: 909-437-8390 | nlee@bdl-iplaw.com |
| 4 | | BISHOP, DIEHL & LEE, LTD. |
| | *Attorneys for Defendants* | 1475 E. Woodfield Rd., Suite 800 |
| 5 | ULTRAPROOF, INC. a Cal. Corporation; | Schaumburg, IL 60173 |
| | and | Phone: (847) 969-9123 |
| 6 | ULTRAPROOF, INC. a Nev. Corporation | Facsimile: (847) 969-9124 |

# IN THE UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN KOREA CO., LTD, a Republic of Korea corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LIJUN LIU, an individual; MINGFENG LI, an individual; ULTRAPROOF, INC., a California corporation; ULTRAPROOF, INC., a Nevada corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  2:16-CV-09185 JAK (ASx)<br><br>**DEFENDANTS ULTRAPROOF, INC., A CALIFORNIA CORPORATION AND ULTRAPROOF, INC. A NEVADA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION** |

//

//

//

//

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants "Ultraproof, Inc., a California corporation" and "Ultraproof, Inc., a Nevada Corporation" (referred to collectively herein as "Defendants" or "Ultraproof"[1]) hereby request that Plaintiff Spigen Korea Co., Ltd. ("Spigen Korea") respond in writing and produce for inspection and copying the documents described below and to deliver such responses and documents within thirty (30) days to the offices of Bishop Diehl & Lee, Ltd., 1475 E. Woodfield Rd., Suite 800, Schaumburg, IL 60173.

**DEFINITIONS**

The following definitions apply to each of the requests set forth below and are deemed to be incorporated by reference therein:

1. The term "communication" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face to face or by means of any telephone, telefax, email, telegraph, telecopier, electronic or other medium or intermediary.

2. The term "document" or "documents" shall be construed to include any document or tangible thing within the meaning of Rules 26(b) and 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all originals, copies,

---

[1] There is only one Ultraproof, Inc., which is a Nevada corporation that is also registered to do business in California.

drafts and versions not identical in every respect to the original of any written, typewritten, recorded, transcribed, printed taped, electronic, photographic or graphic matter, however produced or reproduced, whether sent or received, or neither, including, but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, instructions, reports, financial reports, records, studies, transcripts, diaries, formal and informal, audited and unaudited financial statements, account statements, order and/or sales forms, reports and projections, invoices, bills, checks, bank drafts, negotiable or non-negotiable instruments, working papers, notes, notations, charts, lists, comparisons, emails, electronic messages, facsimiles, telegrams, cables, telex messages, computer printouts, communications, including reports, notes, notations and memoranda of, or that relate to, telephone conversations, and conferences, minutes, transcripts, correspondence, offering circulars, graphs, tabulations, analyses, evaluations, projections, statements, summaries, desk calendars, electronic calendars, appointment books, telephone logs, questionnaires, surveys, indices, tapes, any form of computer disks, computer inputs or outputs, microfilm, magnetic tapes and photographs, information stored in, or accessible through, computer or other information retrieval systems within your possession, custody or under your control.

3. The term "person" means any natural person, governmental entity, corporate entity, partnership, association, joint venture, trust, or other organization, whether organized for profit or not.

| | |
|---|---|
| 1 | 4.      The terms "Spigen Korea", "you" and "your" mean Spigen Korea Co. |
| 2 | Ltd., its predecessors or successors in interest, subsidiaries, affiliates or other |
| 3 | organizational units, foreign or domestic, present and former officers, directors, |
| 4 | employees, agents, representatives and all other persons acting in concert with any |
| 5 | of them or on any of their behalf. |
| 6 | 5.      The term "Spigen USA" means Spigen, Inc., the California Corporation |
| 7 | with its principal place of business at 9975 Toledo Way #100, Irvine, CA 92618, its |
| 8 | predecessors or successors in interest, subsidiaries, affiliates or other organizational |
| 9 | units, foreign or domestic, present and former officers, directors, employees, agents, |
| 10 | representatives and all other persons acting in concert with any of them or on any of |
| 11 | their behalf. |
| 12 | 6.      The term "Ultraproof" refers collectively to Defendants "Ultraproof, |
| 13 | Inc., a California corporation" and "Ultraproof, Inc., a Nevada Corporation", their |
| 14 | predecessors or successors in interest, their parent(s), subsidiaries, affiliates or other |
| 15 | organizational units, foreign or domestic, present and former officers, directors, |
| 16 | employees, agents, representatives and all other persons acting in concert with them |
| 17 | or on any of their behalf. |
| 18 | 7.      The terms "patent-in-suit" and "the '283 Patent" means U.S. Patent No. |
| 19 | 9,049,283. |
| 20 | 8.      A document is deemed to be in your "control" if you have the right to |
| 21 | secure the document or a copy thereof from another person or public or private entity |

having actual possession thereof.

9. The term "relate" or "relates" means, in addition to the customary and usual meaning, discuss or discusses, mention or mentions, embody or embodies, concern or concerns, contain or contains, constitute or constitutes, refer or refers, evidence or evidences, negate or negates, tend or tends to negate, reflect or reflects, describe or describes, pertain or pertains, assess or assesses, record or records, show or shows, support or supports, tend or tends to support, underlie or underlies, and without limitation in any way legally, logically or factually connected with the matter discussed.

10. The terms "and" and "or" shall be construed conjunctively and disjunctively as necessary to make the request inclusive rather than exclusive and to bring within the scope of these requests documents that might otherwise by construed to be outside of their scope. The terms "all", "each" and "any" mean "each and every".

## INSTRUCTIONS

1. These requests shall be continuing in nature so as to require production of all documents now in Plaintiff's possession, custody or control, as well as all such documents that come into Plaintiff's possession, custody or control at any time prior to a final judgment or settlement in this action.

2. Each document that is responsive to these requests must be produced in its entirety, including all attachments and exhibits, even if only a portion of the

5

1  document is related to the specific subject matter. This means that an uncut,
2  unexpunged and unedited copy of a responsive document shall be submitted,
3  including all appendices, tables or other attachments. If an appendix, table or other
4  attachment is not presented with the original but is attached to a copy thereof or is
5  otherwise available, it should be submitted and clearly marked to indicate the
6  document to which it corresponds. With the exception of privileged material, no
7  document or portion thereof should be masked, redacted, edited or deleted in any
8  manner.
9       3.   In lieu of original documents, you may submit legible copies of
10 documents. If the coloring of (or on any part of) the document communicates any
11 substantive information, a like-colored photocopy or the original document must be
12 submitted. If copies of documents are submitted in lieu of originals, they must be
13 accompanied by an affidavit of an officer of the Plaintiff stating that the copies are
14 true, correct and complete copies of the original documents.
15      4.   These requests call for all responsive documents in the possession,
16 custody or control of Plaintiff, including, without limitation, those documents held
17 by any of the officers, directors, employees, agents, attorneys or representatives of
18 Plaintiff, whether or not such documents are on Plaintiff's premises. If any such
19 person is unwilling to have his or her files searched or is unwilling to produce
20 responsive documents, state individually as to each such person his or her: name,
21 address, telephone number and relationship to Plaintiff. If a document is within your

control, but is not in your possession or custody, identify by name and address the person with possession or custody.

5. If any document responsive to a particular request no longer exists, but is known or believed to have existed, state for each such document the circumstances under which it was lost or destroyed or the circumstances due to which it is no longer in existence, and identify and provide a summary for each such document to the fullest extent possible. For each such document, also provide the approximate date of its loss or destruction and identify all persons having knowledge of its contents.

6. If any document is withheld from production based on a claim of privilege, provide a list that identifies each such document, together with the following information: (a) the date of the document; (b) the name of its author(s) or preparer(s), and an identification by employment and title of each such person; (c) the name of each person who received, viewed or had custody of, or was sent or furnished with the document, together with an identification of each such person; (d) a brief description of the document; (e) a statement of the basis for the claim of privilege; and (f) the paragraph of these requests to which the document relates. If any document relates in any way to a meeting or to any other conversation, identify all participants in the meeting or conversation.

7. The response to each request shall be identified by number and segregated from responses to other requests. Each page or sheet produced is to be marked with consecutive document control numbers, with the exception of bound

pamphlets or books, which should be marked with a single control number. Within the response to a given request, documents should be organized and identified according to the file(s) in which they were kept, maintained or found (e.g., correspondence file of "Mr. X," Vice President for "Y"). Where the documents and files were maintained in chronological, alphabetical or other systematic order, that order shall be preserved. If a document is responsive to more than one request, reference to the document control numbers should be noted in the response(s) to each such request. Also provide a master list of all documents produced, organized by request and control numbers.

8. The following requests shall be deemed to be continuing so as to require further and supplemental production of documents by you in accordance with the requirements of Fed. R. Civ. P. 26(e).

## **REQUESTS**

**REQUEST NO. 1.** All documents, communications, and things which refer or relate to Spigen Korea giving notice to Defendants of the patent-in-suit prior to December 12, 2016.

**REQUEST NO. 2.** All documents, communications, and thing which refer or relate to Defendants having any knowledge of the existence of the patent-in-suit.

**REQUEST NO. 3.** Documents sufficient to show, on a monthly, annual, and total basis, the sales volume, revenue, costs, expenses, profits, and prices associated with any of Spigen Korea's products which Spigen Korea contends embody the patent-

in-suit.

**REQUEST NO. 4.**   All documents and things referred to in Spigen Korea's initial disclosures in accordance with Federal Rule Civil Procedure 26(a)(1).

**REQUEST NO. 5.**   All documents and things referred to, relied upon, and/or reviewed by Spigen Korea in connection with its responses to Ultraproof's First Set of Interrogatories.

**REQUEST NO. 6.**   All documents Spigen Korea intends to rely upon in this action.

**REQUEST NO. 7.**   All documents relating to Spigen Korea's policies or practices relating to marking its products with patent numbers, including virtual marking for the past six years.

**REQUEST NO. 8.**   All documents concerning Spigen Korea's document retention and destruction policies and practices for the past six years.

**REQUEST NO. 9.**   All documents concerning Spigen Korea's trademarks, trade dress, copyrights, and/or patents associated with any of Spigen Korea's products which Spigen Korea contends embody the patent-in-suit.

**REQUEST NO. 10.**   All documents supporting, contradicting, or concerning any of Spigen Korea's claims or Ultraproof's defenses, affirmative defenses, or counterclaims in this litigation.

**REQUEST NO. 11.**   All documents, communications, and things relating to any agreements regarding the patent-in-suit, including but not limited to any license,

9

contract, covenant, security interest, security agreement, patent mortgage, collateral agreement, assignment and/or settlement agreement.

**REQUEST NO. 12.** All documents, communications, and things relating or referring to any license between Spigen Korea and any third party which contemplates a royalty payment.

**REQUEST NO. 13.** All documents, communications, and things relating or referring to any royalty agreement between Spigen Korea and any third party.

**REQUEST NO. 14.** All documents relating to any civil action, arbitration, mediation, foreign or U.S. patent office proceeding, administrative proceeding or other lawsuit or action in which infringement, non-infringement, validity, invalidity, priority, enforceability or unenforceability of the patent-in-suit has been asserted or is at issue. For purposes of this request, "documents" includes, but is not limited to, pleadings, correspondence, discovery requests, responses, deposition transcripts, declarations, affidavits, and hearing transcripts.

**REQUEST NO. 15.** All documents relating to any foreign or U.S. civil action, arbitration, mediation, or other lawsuit or action in which Spigen Korea or any of its affiliates has been sued for a patent infringement for the past six years. For purposes of this request, "documents" includes, but is not limited to, pleadings, correspondence, discovery requests, responses, deposition transcripts, declarations, affidavits, and hearing transcripts.

**REQUEST NO. 16.** All documents relating or referring to *Spigen Korea Co., Ltd.*

10

*v. iSpeak[er] Co., Ltd.*, C.D. Cal. Case No. 8:15-cv-01050 DOC (DFMx), including all court filings, discovery requests sent or received by Spigen Korea and all documents produced by any party or third party during discovery in that case.

**REQUEST NO. 17.** All documents that constitute or relate to efforts by Spigen Korea, before filing this suit, to ascertain whether Defendants had engaged in any acts of infringement of the patent-in-suit.

**REQUEST NO. 18.** All documents, communications, and things relating or referring to efforts by Spigen Korea, before filing this suit, to ascertain whether individuals Lijun Liu and Mingfeng Li have engaged in any acts of infringement of the patent-in-suit.

**REQUEST NO. 19.** All documents, communications, and things relating or referring to direct or indirect communications with customers, potential customers, or other third parties, including without limitation Amazon.com, concerning infringement or possible infringement of the patent-in-suit by Defendants.

**REQUEST NO. 20.** All documents and things concerning, relating to, or constituting actual or proposed distribution, memorandum of understanding, or sales agreements or contracts, or any offer, acceptance, or rejection of same, concerning any actual or contemplated phone case, including but not limited to the products that Spigen Korea contends embody the patent-in-suit.

**REQUEST NO. 21.** All documents relating to any and all attempts by Spigen Korea, or any third party on behalf of Spigen Korea, to enforce the patent-in-suit.

**REQUEST NO. 22.** All documents concerning, comprising or evidencing any notification of infringement, threat of potential litigation, or actual filing of suit relating to the subject matter of the patent-in-suit by Spigen Korea, or any third party on behalf of Spigen Korea, to or against any third party.

**REQUEST NO. 23.** All documents referring or relating to any advice or opinions regarding the alleged infringement of the patent-in-suit by any of Ultraproof's products.

**REQUEST NO. 24.** All documents and things sent to or received from any expert witness in connection with this case that are not subject to protection under Fed. R. Civ. P. 26.

**REQUEST NO. 25.** All applications filed in any country which claim priority to the U.S. Patent Application Serial No. 62/012,962.

**REQUEST NO. 26.** All documents and things that support, refute, or otherwise relate to the validity or invalidity of the patent-in-suit.

**REQUEST NO. 27.** All documents concerning the invention of the subject matter of the patent-in-suit, including but not limited to drawings, notes, notebooks, and communications.

**REQUEST NO. 28.** All documents comprising, evidencing or concerning any communication regarding any suspected or actual infringement by any person of the patent-in-suit.

**REQUEST NO. 29.** All documents comprising, evidencing or concerning any

communication to Amazon.com by Spigen Korea, or any third party on behalf of Spigen Korea, regarding any suspected or actual infringement by any person of the patent-in-suit.

**REQUEST NO. 30.** A representative sample of each product, including the packaging and manual, which Spigen Korea contends embodies the patent-in-suit.

**REQUEST NO. 31.** All documents which Spigen Korea considers to be relevant prior art to the patent-in-suit.

**REQUEST NO. 32.** All documents and things concerning publications regarding the subject matter of the patent-in-suit, including but not limited to newspapers, magazines, blogs or trade journal articles, in digital or print format.

**REQUEST NO. 33.** All documents, communications and things relating or referring to the first offer for sale, first disclosure, first written description, first printed publication, first use, first advertisement and/or first public use by Spigen Korea or anyone acting on its behalf of the subject matter claimed in the patent-in-suit.

**REQUEST NO. 34.** All documents relating to the research, development, and design of what is claimed in the patent-in-suit.

**REQUEST NO. 35.** All documents and things relating to research, design, and development of any phone case having a storage compartment that was contemplated, designed, developed, manufactured, produced, advertised, licensed, offered for sale, sold, provided, or distributed by Spigen Korea or its affiliates,

including any product that Spigen Korea contents embodies the patent-in-suit. Such documents and thing should include prototypes, design notebooks, photographs, journals, reports, invention disclosure forms, plans, summaries or proposals, compilations of data or data summaries, research, presentations, meeting minutes, publications, and agreements with third parties concerning research and development of any phone case having a storage compartment.

**REQUEST NO. 36.** All documents, communications and things relating to Spigen Korea's ownership of the patent-in-suit, including documents referring or relating to certificates of title, chains of title, assignments, or purchase or sale of interest(s) in the patents-in-suit.

**REQUEST NO. 37.** All documents relating to or constituting direct or indirect communications, including with any third party, relating to or regarding Ultraproof.

**REQUEST NO. 38.** All documents relating or referring to any litigation or proceeding before the United States Patent Trademark Office or any U.S. District Court regarding or relating to the patent-in-suit.

**REQUEST NO. 39.** All documents relating or referring to Korean Registered Utility Model 20-0472435, a translation of which was produced as ULTRA-000001 – ULTRA-000011 and a copy of which was produced as ULTRA-000012 – ULTRA-000019. This request is not limited to documents relating or referring to the particular translation produced as ULTRA-000001 – ULTRA-000011, but includes any and all translations.

**REQUEST NO. 40.** All communications relating or referring to Korean Registered Utility Model 20-0472435, a translation of which was produced as ULTRA-000001 – ULTRA-000011.

**REQUEST NO. 41.** All documents, communications, and things relating or referring to any investigation, report, advice or opinion prepared by Spigen Korea or a third party on its behalf regarding the differences between the patent-in-suit and/or patent application thereof on the one hand, and, on the other hand, Korean Registered Utility Model 20-0472435.

**REQUEST NO. 42.** A complete copy of the file or files (whether in hard copy or digital form) related to the prosecution of the patent-in-suit.

**REQUEST NO. 43.** All documents and things relating or referring to any prior art or prior art search, investigation, report, advice or opinion prepared by Spigen Korea or by a third party regarding the patentability or validity of the subject matter of the patent-in-suit and/or patent application thereof; including but not limited to instructions and material that were provided to persons who performed the search or investigation or rendered the report, advice, or opinion.

**REQUEST NO. 44.** All documents that identify distributors, stores, wholesalers, and/or retailers which provide, sell and/or distribute Spigen Korea's or Spigen USA's products that Spigen Korea contends embody the patent-in-suit.

**REQUEST NO. 45.** All corporate entity filings, applications, and reports which Spigen Korea has submitted to a relevant State authority from 2011 to the present.

**REQUEST NO. 46.** Documents and things sufficient to show the relationship between Spigen Korea and Spigen USA.

**REQUEST NO. 47.** All corporate entity filings, applications, and reports which Spigen USA has submitted to a relevant State authority from 2011 to the present.

**REQUEST NO. 48.** Documents sufficient to show the organizational and personnel structure of Spigen Korea, including but not limited to organization charts, flow charts, and personnel directories.

**REQUEST NO. 49.** All documents and things produced in response to any subpoena issued by Spigen Korea in this case.

**REQUEST NO. 50.** Documents sufficient to show all past and present employees, independent contractors, directors, officers, members, shareholders, stakeholders, parent companies and subsidiaries of Spigen Korea.

**REQUEST NO. 51.** All documents that Spigen Korea contends support, relate to or prove the alleged acts and/or behavior that "customers on Amazon.com and elsewhere purchased and used the Accused Products, and are, thus, directly infringing the '283 Patent" as alleged in paragraph 16 of Plaintiff's Second Amended Complaint filed on March 28, 2017.

**REQUEST NO. 52.** All documents that Spigen Korea contends support, relate to or prove the alleged acts and/or behavior that "Defendants, as sellers on Amazon.com ("Amazon"), were aware of competitors' products, including SPIGEN's practicing product, the Slim Armor CS, and the '283 Patent. Amazon listings for SPIGEN's practicing product have SPIGEN's patents clearly listed" as alleged in paragraph 17 of Plaintiff's Second Amended Complaint filed on March 28, 2017.

**REQUEST NO. 53.** All documents that Spigen Korea contends support, relate to or prove the alleged acts and/or behavior that "[t]here are many sellers on Amazon who have copied Spigen's practicing products" as alleged in paragraph 18 of Plaintiff's Second Amended Complaint filed on March 28, 2017.

**REQUEST NO. 54.** All documents that Spigen Korea contends support, relate to or prove the alleged acts and/or behavior that "Defendants, as sellers on Amazon, were also aware of these other competitors and their copied products" as alleged in paragraph 19 of Plaintiff's Second Amended Complaint filed on March 28, 2017.

**REQUEST NO. 55.** All documents that Spigen Korea contends support, relate to or prove the alleged acts and/or behavior that "in making the Accused Products, Defendants copied SPIGEN's Slim Armor CS and/or the infringing copied products of other Amazon competitors" as alleged in paragraph 20 of Plaintiff's Second Amended Complaint filed on March 28, 2017.

**REQUEST NO. 56.**  All documents that Spigen Korea contends support, relate to or prove the alleged acts and/or behavior that "Defendants have profited through infringement of the '283 Patent" as alleged in paragraph 31 of Plaintiff's Second Amended Complaint filed on March 28, 2017.

Date: September 15, 2017        Submitted by,

/s/ Nicholas S. Lee
Edward L. Bishop (admitted *pro hac vice*)
Nicholas S. Lee (admitted *pro hac vice*)
BISHOP DIEHL & LEE, LTD
Attorneys for Defendants
ULTRAPROOF INC., a California corporation, and
ULTRAPROOF INC., a Nevada Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of DEFENDANTS ULTRAPROOF, INC., A CALIFORNIA CORPORATION AND ULTRAPROOF, INC. A NEVADA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION has been served upon counsel of record on September 15, 2017 via electronic mail to:

Richard Kim (SBN: 272184)
Email: RichKimLaw@gmail.com
LAW OFFICES OF RICHARD KIM
6131 Orangethorpe Ave., Suite 370
Buena Park, CA 90620
Phone: 714-276-1122
Fax: 714-276-1120

Heedong Chae (SBN: 263267)
Email: hdchae@ewpat.com
Karen Kim (SBN: 297857)
Email: kkim@ewpat.com
EAST WEST LAW GROUP PC
660 S. Figueroa St., Suite 1200
Los Angeles, CA 90017
Phone: 213-387-3630
Fax: 213-863-6332

/s/ Stephanie N. White
Stephanie N. White