Jack Jmaev (SBN: 216,416)
jack@puritanlaw.com
PURITAN LAW GROUP
500 N. STATE COLLEGE BLVD.
ORANGE, CA 92868
Phone: 909-437-8390

*Attorneys for Defendants*
ULTRAPROOF, INC. a Cal. Corporation; and
ULTRAPROOF, INC. a Nev. Corporation

Edward L. Bishop (admitted *pro hac vice*)
ebishop@bdl-iplaw.com
Nicholas S. Lee  (admitted *pro hac vice*)
nlee@bdl-iplaw.com
BISHOP, DIEHL & LEE, LTD.
1475 E. Woodfield Rd., Suite 800
Schaumburg, IL 60173
Phone: (847) 969-9123
Facsimile: (847) 969-9124

# IN THE UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN KOREA CO., LTD, a Republic of Korea corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LIJUN LIU, an individual; MINGFENG LI, an individual; ULTRAPROOF, INC., a California corporation; ULTRAPROOF, INC., a Nevada corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | Case Nos.  2:16-CV-09185 DOC (DFM); 2:17-CV-01161 DOC (DFM) (Consolidated)<br><br>**DEFENDANTS ULTRAPROOF, INC., A CALIFORNIA CORPORATION AND ULTRAPROOF, INC. A NEVADA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION REGARDING CASE NO. 2:17-CV-01161 DOC-DFM** |

//

//

//

1

//

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants "Ultraproof, Inc., a California corporation" and "Ultraproof, Inc., a Nevada Corporation" (referred to collectively herein as "Defendants" or "Ultraproof"[1]) hereby request that Plaintiff Spigen Korea Co., Ltd. ("Spigen Korea") respond in writing and produce for inspection and copying the documents described below and to deliver such responses and documents within thirty (30) days to the offices of Bishop Diehl & Lee, Ltd., 1475 E. Woodfield Rd., Suite 800, Schaumburg, IL 60173.

## DEFINITIONS

The following definitions apply to each of the requests set forth below and are deemed to be incorporated by reference therein:

1.     The term "communication" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face to face or by means of any telephone, telefax, email, telegraph, telecopier, electronic or other medium or intermediary.

2.     The term "document" or "documents" shall be construed to include any document or tangible thing within the meaning of Rules 26(b) and 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all

---

[1] There is only one Ultraproof, Inc., which is a Nevada corporation that is also registered to do business in California.

2

originals, copies, drafts and versions not identical in every respect to the original of any written, typewritten, recorded, transcribed, printed taped, electronic, photographic or graphic matter, however produced or reproduced, whether sent or received, or neither, including, but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, instructions, reports, financial reports, records, studies, transcripts, diaries, formal and informal, audited and unaudited financial statements, account statements, order and/or sales forms, reports and projections, invoices, bills, checks, bank drafts, negotiable or non-negotiable instruments, working papers, notes, notations, charts, lists, comparisons, emails, electronic messages, facsimiles, telegrams, cables, telex messages, computer printouts, communications, including reports, notes, notations and memoranda of, or that relate to, telephone conversations, and conferences, minutes, transcripts, correspondence, offering circulars, graphs, tabulations, analyses, evaluations, projections, statements, summaries, desk calendars, electronic calendars, appointment books, telephone logs, questionnaires, surveys, indices, tapes, any form of computer disks, computer inputs or outputs, microfilm, magnetic tapes and photographs, information stored in, or accessible through, computer or other information retrieval systems within your possession, custody or under your control.

3.    The term "person" means any natural person, governmental entity, corporate entity, partnership, association, joint venture, trust, or other organization,

whether organized for profit or not.

4. The terms "Spigen Korea", "you" and "your" mean Spigen Korea Co. Ltd., its predecessors or successors in interest, subsidiaries, affiliates or other organizational units, foreign or domestic, present and former officers, directors, employees, agents, representatives and all other persons acting in concert with any of them or on any of their behalf.

5. The term "Spigen USA" means Spigen, Inc., the California Corporation with its principal place of business at 9975 Toledo Way #100, Irvine, CA 92618, its predecessors or successors in interest, subsidiaries, affiliates or other organizational units, foreign or domestic, present and former officers, directors, employees, agents, representatives and all other persons acting in concert with any of them or on any of their behalf.

6. The term "Ultraproof" refers collectively to Defendants "Ultraproof, Inc., a California corporation" and "Ultraproof, Inc., a Nevada Corporation", their predecessors or successors in interest, their parent(s), subsidiaries, affiliates or other organizational units, foreign or domestic, present and former officers, directors, employees, agents, representatives and all other persons acting in concert with them or on any of their behalf.

7. The term "patents-in-suit" or "Asserted Patents" refer to U.S. Utility Patent No. 9,049,283 ("the '283 Patent") and U.S. Design Patent Nos. D771,607 ("the '607 Patent), D753,099 ("the '099 Patent"), D775,620 ("the '620 Patent"),

4

and D776,648 ("the '648 Patent") collectively.

8.    The term "Asserted Design Patents" refers to U.S. Design Patent Nos. D771,607 ("the '607 Patent), D753,099 ("the '099 Patent"), D775,620 ("the '620 Patent"), and D776,648 ("the '648 Patent") collectively.

9.    A document is deemed to be in your "control" if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

10.    The term "relate" or "relates" means, in addition to the customary and usual meaning, discuss or discusses, mention or mentions, embody or embodies, concern or concerns, contain or contains, constitute or constitutes, refer or refers, evidence or evidences, negate or negates, tend or tends to negate, reflect or reflects, describe or describes, pertain or pertains, assess or assesses, record or records, show or shows, support or supports, tend or tends to support, underlie or underlies, and without limitation in any way legally, logically or factually connected with the matter discussed.

11.    The terms "and" and "or" shall be construed conjunctively and disjunctively as necessary to make the request inclusive rather than exclusive and to bring within the scope of these requests documents that might otherwise by construed to be outside of their scope. The terms "all", "each" and "any" mean "each and every".

**INSTRUCTIONS**

5

1.     These requests shall be continuing in nature so as to require production of all documents now in Plaintiff's possession, custody or control, as well as all such documents that come into Plaintiff's possession, custody or control at any time prior to a final judgment or settlement in this consolidated action.

2.     Each document that is responsive to these requests must be produced in its entirety, including all attachments and exhibits, even if only a portion of the document is related to the specific subject matter. This means that an uncut, unexpunged and unedited copy of a responsive document shall be submitted, including all appendices, tables or other attachments. If an appendix, table or other attachment is not presented with the original but is attached to a copy thereof or is otherwise available, it should be submitted and clearly marked to indicate the document to which it corresponds. With the exception of privileged material, no document or portion thereof should be masked, redacted, edited or deleted in any manner.

3.     In lieu of original documents, you may submit legible copies of documents. If the coloring of (or on any part of) the document communicates any substantive information, a like-colored photocopy or the original document must be submitted.  If copies of documents are submitted in lieu of originals, they must be accompanied by an affidavit of an officer of the Plaintiff stating that the copies are true, correct and complete copies of the original documents.

4.     These requests call for all responsive documents in the possession,

6

1  custody or control of Plaintiff, including, without limitation, those documents held

2  by any of the officers, directors, employees, agents, attorneys or representatives of

3  Plaintiff, whether or not such documents are on Plaintiff's premises. If any such

4  person is unwilling to have his or her files searched or is unwilling to produce

5  responsive documents, state individually as to each such person his or her: name,

6  address, telephone number and relationship to Plaintiff. If a document is within

7  your control, but is not in your possession or custody, identify by name and

8  address the person with possession or custody.

9       5.    If any document responsive to a particular request no longer exists,

10  but is known or believed to have existed, state for each such document the

11  circumstances under which it was lost or destroyed or the circumstances due to

12  which it is no longer in existence, and identify and provide a summary for each

13  such document to the fullest extent possible. For each such document, also provide

14  the approximate date of its loss or destruction and identify all persons having

15  knowledge of its contents.

16       6.    If any document is withheld from production based on a claim of

17  privilege, provide a list that identifies each such document, together with the

18  following information: (a) the date of the document; (b) the name of its author(s)

19  or preparer(s), and an identification by employment and title of each such person;

20  (c) the name of each person who received, viewed or had custody of, or was sent or

21  furnished with the document, together with an identification of each such person;

7

1   (d) a brief description of the document; (e) a statement of the basis for the claim of

2   privilege; and (f) the paragraph of these requests to which the document relates. If

3   any document relates in any way to a meeting or to any other conversation, identify

4   all participants in the meeting or conversation.

5        7.    The response to each request shall be identified by number and

6   segregated from responses to other requests.  Each page or sheet produced is to be

7   marked with consecutive document control numbers, with the exception of bound

8   pamphlets or books, which should be marked with a single control number.  Within

9   the response to a given request, documents should be organized and identified

10  according to the file(s) in which they were kept, maintained or found (e.g.,

11  correspondence file of "Mr. X," Vice President for "Y").  Where the documents

12  and files were maintained in chronological, alphabetical or other systematic order,

13  that order shall be preserved.  If a document is responsive to more than one

14  request, reference to the document control numbers should be noted in the

15  response(s) to each such request.  Also provide a master list of all documents

16  produced, organized by request and control numbers.

17       8.    The following requests shall be deemed to be continuing so as to

18  require further and supplemental production of documents by you in accordance

19  with the requirements of Fed. R. Civ. P. 26(e).

20                          **<u>REQUESTS</u>**

21  **<u>REQUEST NO. 1.</u>**    All documents, communications, and things which refer or

8

relate to Spigen Korea giving notice to Defendants of the '283 Patent prior to December 12, 2016 and the Asserted Design Patents prior to October 2, 2017.

**REQUEST NO. 2.**  All documents, communications, and things which refer or relate to Defendants having any knowledge of the existence of the Asserted Design Patents.

**REQUEST NO. 3.**  Documents sufficient to show, on a monthly, annual, and total basis, the sales volume, revenue, costs, expenses, profits, and prices associated with any of Spigen Korea's products which Spigen Korea contends embody the Asserted Design Patents.

**REQUEST NO. 4.**  All documents and things referred to in Spigen Korea's initial disclosures in accordance with Federal Rule Civil Procedure 26(a)(1).

**REQUEST NO. 5.**  All documents and things referred to, relied upon, and/or reviewed by Spigen Korea in connection with its responses to Ultraproof's First Set of Interrogatories Regarding Case No. 2:17-CV-011661 DOC-DFM.

**REQUEST NO. 6.**  All documents Spigen Korea intends to rely upon in this consolidated action.

**REQUEST NO. 7.**  All documents concerning Spigen Korea's trademarks, trade dress, copyrights, and/or patents associated with any of Spigen Korea's products which Spigen Korea contends embody any one or more of the Asserted Design Patents.

**REQUEST NO. 8.**  All documents supporting, contradicting, or concerning any

9

of Spigen Korea's claims or Ultraproof's defenses, affirmative defenses, or counterclaims in this consolidated action.

**REQUEST NO. 9.**   All documents, communications, and things relating to any agreements regarding the Asserted Design Patents, including but not limited to any license, contract, covenant, security interest, security agreement, patent mortgage, collateral agreement, assignment and/or settlement agreement.

**REQUEST NO. 10.**  All agreements, contracts, letters of understanding, or the like between Spigen Korea and Spigen USA related to any of the patents-in-suit.

**REQUEST NO. 11.**  All documents, communications, and things relating or referring to any license between Spigen Korea and any third party which contemplates a royalty payment.

**REQUEST NO. 12.**  All documents, communications, and things relating or referring to any royalty agreement between Spigen Korea and any third party.

**REQUEST NO. 13.**  All documents relating to any civil action, arbitration, mediation, foreign or U.S. patent office proceeding, administrative proceeding or other lawsuit or action in which infringement, non-infringement, validity, invalidity, priority, enforceability or unenforceability of the Asserted Design Patents has been asserted or is at issue.  For purposes of this request, "documents" includes, but is not limited to, pleadings, correspondence, discovery requests, responses, deposition transcripts, declarations, affidavits, and hearing transcripts.

**REQUEST NO. 14.**  All documents relating to any foreign or U.S. civil action,

1   arbitration, mediation, or other lawsuit or action in which Spigen Korea or any of

2   its affiliates has been sued for a patent infringement for the past six years.  For

3   purposes of this request, "documents" includes, but is not limited to, pleadings,

4   correspondence, discovery requests, responses, deposition transcripts, declarations,

5   affidavits, and hearing transcripts.

6   **REQUEST NO. 15.**  All documents relating or referring to *Spigen Korea Co.,*

7   *Ltd. v. iSpeak[er] Co., Ltd.*, C.D. Cal. Case No. 8:15-cv-01050 DOC (DFMx),

8   including all court filings, discovery requests sent or received by Spigen Korea and

9   all documents produced by any party or third party during discovery in that case.

10   **REQUEST NO. 16.**  All documents and communications exchanged between the

11   parties in *Spigen Korea Co., Ltd. v. iSpeak[er] Co., Ltd.*, C.D. Cal. Case No. 8:15-

12   cv-01050 DOC (DFMx).

13   **REQUEST NO. 17.**  All documents that constitute or relate to efforts by Spigen

14   Korea, before filing this suit, to ascertain whether Defendants had engaged in any

15   acts of infringement of the Asserted Design Patents.

16   **REQUEST NO. 18.**  All documents, communications, and things relating or

17   referring to direct or indirect communications with customers, potential customers,

18   or other third parties, including without limitation Amazon.com, concerning

19   infringement or possible infringement of the Asserted Design Patents by

20   Defendants.

21   **REQUEST NO. 19.**  All documents and things concerning, relating to, or

11

1   constituting actual or proposed distribution, memorandum of understanding, or

2   sales agreements or contracts, or any offer, acceptance, or rejection of same,

3   concerning any actual or contemplated phone case, including but not limited to the

4   products that Spigen Korea contends embody the Asserted Design Patents.

5   **REQUEST NO. 20.**  All documents relating to any and all attempts by Spigen

6   Korea, or any third party on behalf of Spigen Korea, to enforce the Asserted

7   Design Patents.

8   **REQUEST NO. 21.**  All documents concerning, comprising or evidencing any

9   notification of infringement, threat of potential litigation, or actual filing of suit

10  relating to the subject matter of the Asserted Design Patents by Spigen Korea, or

11  any third party on behalf of Spigen Korea, to or against any third party.

12  **REQUEST NO. 22.**  All documents transferring authority to enforce any of the

13  patents-in-suit to any third party, including without limitation Spigen USA.

14  **REQUEST NO. 23.**  All documents referring or relating to any advice or opinions

15  regarding the alleged infringement of the Asserted Design Patents by any of

16  Ultraproof's products.

17  **REQUEST NO. 24.**  All documents and things sent to or received from any

18  expert witness in connection with this consolidated action that are not subject to

19  protection under Fed. R. Civ. P. 26.

20  **REQUEST NO. 25.**  All documents and things that support, refute, or otherwise

21  relate to the validity or invalidity of any one or more of the Asserted Design

Patents.

**REQUEST NO. 26.** All documents concerning the invention of the subject matter of the Asserted Design Patents, including but not limited to drawings, notes, notebooks, and communications.

**REQUEST NO. 27.** All documents comprising, evidencing or concerning any communication regarding any suspected or actual infringement by any person of the patents-in-suit.

**REQUEST NO. 28.** All documents comprising, evidencing or concerning any communication to Amazon.com by Spigen Korea, or any third party on behalf of Spigen Korea, regarding any suspected or actual infringement by any person of the patents-in-suit.

**REQUEST NO. 29.** A representative sample of each product, including the packaging and manual, which Spigen Korea contends embodies any one or more of the patents-in-suit.

**REQUEST NO. 30.** All documents which Spigen Korea considers to be relevant prior art to any one or more of the Asserted Design Patents.

**REQUEST NO. 31.** All documents and things concerning publications regarding the subject matter of the Asserted Design Patents, including but not limited to newspapers, magazines, blogs or trade journal articles, in digital or print format.

**REQUEST NO. 32.** All documents, communications and things relating or referring to the first offer for sale, first disclosure, first written description, first

13

1  printed publication, first use, first advertisement and/or first public use by Spigen

2  Korea or anyone acting on its behalf of the subject matter claimed in each of the

3  Asserted Design Patents.

4  **REQUEST NO. 33.**  All documents relating to the research, development, and

5  design of what is claimed in the Asserted Design Patents.

6  **REQUEST NO. 34.**  All documents relating to consumer feedback related to the

7  functionality of any product embodying one or more of the patents-in-suit.

8  **REQUEST NO. 35.**  All documents relating to consumer feedback related to the

9  functionality of any product embodying the design shown in U.S. Trademark Serial

10  Number 86507589 (Registration Number 5000281).

11  **REQUEST NO. 36.**  All documents relating to consumer feedback related to the

12  functionality of any product embodying the design shown in U.S. Trademark Serial

13  Number 86507591 (Registration Number 5005227)

14  **REQUEST NO. 37.**  All documents relating to consumer feedback related to the

15  functionality of any product embodying the design shown in U.S. Trademark Serial

16  Number 87058513 (Registration Number 5224888).

17  **REQUEST NO. 38.**  Documents evidencing the first sale of any product

18  embodying the design shown in U.S. Trademark Serial Number 86507589

19  (Registration Number 5000281).

20  **REQUEST NO. 39.**  Documents evidencing the first sale of any product

21  embodying the design shown in U.S. Trademark Serial Number 86507591

14

1    (Registration Number 5005227).

2    **REQUEST NO. 40.** Documents evidencing the first sale of any product

3    embodying the design shown in U.S. Trademark Serial Number 87058513

4    (Registration Number 5224888).

5    **REQUEST NO. 41.** All documents, communications and things relating to

6    Spigen Korea's ownership of the patents-in-suit, including documents referring or

7    relating to certificates of title, chains of title, assignments, or purchase or sale of

8    interest(s) in the patents-in-suit.

9    **REQUEST NO. 42.** All documents relating to or constituting direct or indirect

10    communications, including with any third party, relating to or regarding

11    Ultraproof.

12    **REQUEST NO. 43.** All documents relating or referring to any litigation or

13    proceeding before the United States Patent Trademark Office or any U.S. District

14    Court regarding or relating to the Asserted Design Patents.

15    **REQUEST NO. 44.** A complete copy of the file or files (whether in hard copy or

16    digital form) related to the prosecution of the Asserted Design Patents.

17    **REQUEST NO. 45.** All documents and things relating or referring to any prior

18    art or prior art search, investigation, report, advice or opinion prepared by Spigen

19    Korea or by a third party regarding the patentability or validity of the subject

20    matter of the Asserted Design Patents and/or patent application thereof; including

21    but not limited to instructions and material that were provided to persons who

1    performed the search or investigation or rendered the report, advice, or opinion.

2    **REQUEST NO. 46.**      All documents that identify distributors, stores,

3    wholesalers, and/or retailers which provide, sell and/or distribute Spigen Korea's

4    or Spigen USA's products that Spigen Korea contends embody the Asserted

5    Design Patents.

6    **REQUEST NO. 47.**   All documents and things produced in response to any

7    subpoena issued by Spigen Korea in this consolidated action.

8    Date: December 15, 2017                Submitted by,

9                                           /s/Nicholas S. Lee
                                            Edward L. Bishop (admitted *pro hac vice*)
10                                          Nicholas S. Lee (admitted *pro hac vice*)
                                            BISHOP DIEHL & LEE, LTD
11                                          Attorneys for Defendants
                                            ULTRAPROOF INC., a California
12                                          corporation, and
                                            ULTRAPROOF INC., a Nevada
13                                          Corporation

14

15

16

17

18

19

20

21

16

1

## CERTIFICATE OF SERVICE

2

The undersigned hereby certifies that a copy of DEFENDANTS

3

ULTRAPROOF, INC., A CALIFORNIA CORPORATION AND ULTRAPROOF,

4

INC. A NEVADA CORPORATION'S FIRST SET OF REQUESTS FOR

5

PRODUCTION REGARDING CASE NO. 2:17-CV-01161 DOC-DFM has been

6

served upon counsel of record on December 15, 2017 via electronic mail to:

7

8

Richard Kim (SBN: 272184)
Email: RichKimLaw@gmail.com
LAW OFFICES OF RICHARD KIM
6131 Orangethorpe Ave., Suite 370

9

Buena Park, CA 90620
Phone: 714-276-1122

10

Fax: 714-276-1120

11

Heedong Chae (SBN: 263267)
Email: hdchae@lucemlaw.com

12

Karen Kim (SBN: 297857)
Email: kkim@lucemlaw.com

13

LUCEM PC
660 S. Figueroa St., Suite 1200

14

Los Angeles, CA 90017
Phone: 213-387-3630

15

Fax: 213-863-6332

16

/s/Benjamin A. Campbell
Benjamin A. Campbell

17

18

19

20

21

17