1

2

3

4                    UNITED STATES DISTRICT COURT

5                   CENTRAL DISTRICT OF CALIFORNIA
                           WESTERN DIVISION
6

7    SPIGEN KOREA CO. LTD,              )
                                        )
8                                       )
               PLAINTIFF,               )
9                                       )
               V.                       )   CV 16-09185-DOC(DFM)
10                                      )
                                        )   SANTA ANA, CALIFORNIA
11   LIJUN LIU, ET AL.,                 )
                                        )
12                                      )   JUNE 4, 2018
                                        )   (11:07 A.M. TO 11:38 A.M.)
13             DEFENDANTS.              )
                                        )
14

15                           HEARING

16           BEFORE THE HONORABLE DAVID O. CARTER
                 UNITED STATES DISTRICT JUDGE
17

18   APPEARANCES:              SEE NEXT PAGE

19   COURT REPORTER:           RECORDED; COURT SMART

20   COURTROOM DEPUTY:         DEBORAH GOLTZ

21   TRANSCRIBER:              DOROTHY BABYKIN
                               COURTHOUSE SERVICES
22                             1218 VALEBROOK PLACE
                               GLENDORA, CALIFORNIA   91740
23                             (626) 963-0566

24
     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

2

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF SPIGEN KOREA CO. LTD:

 3              LUCEM PC
               BY:  HEEDONG CHAE
 4                  ATTORNEY AT LAW
               660 SOUTH FIGUEROA STREET
 5             LOS ANGELES, CALIFORNIA  90017

 6             LAW OFFICES OF RICHARD KIM
               BY:  RICHARD KIM
 7                  ATTORNEY AT LAW
               6131 ORANGETHORPE AVENUE
 8             SUITE 370
               BUENA PARK, CALIFORNIA  90620
 9

10   FOR THE DEFENDANT LIJUN LIU, ET AL.:

11             PURITAN LAW
               BY:  JACK IVAN JMAEV
12                  ATTORNEY AT LAW
               500 NORTH STATE COLLEGE BOULEVARD
13             SUITE 1100
               ORANGE, CALIFORNIA  92868
14
               BISHOP DIEHL & LEE LTD
15             BY:  NICHOLAS S. LEE
                    ATTORNEY AT LAW
16             1475 EAST WOODFIELD ROAD
               SUITE 800
17             SCHAUMBURG, ILLINOIS  60173

18

19

20

21

22

23

24

25
```

1                          I N D E X
      CV 16-09185-DOC(DFM)                    JUNE 4, 2018
2

3     PROCEEDINGS:   DEFENDANT'S MOTION TO DISMISS;
                     PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL HEEDONG
4                    CHAE AND LUCEM PC AS COUNSEL FOR PLAINTIFF

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          SANTA ANA, CALIFORNIA; JUNE 4, 2018; 11:07 A.M.

2          THE COURT:  ALL RIGHT, COUNSEL.  IT'S SPIGEN KOREA

3   LIMITED VERSUS LIJUN LIU.  AND MAYBE I'M MISPRONOUNCING THAT.

4          (PAUSE IN PROCEEDINGS.)

5          MR. JMAEV:  JACK JMAEV FOR DEFENDANT --

6          THE COURT:  OKAY.  THANK YOU.

7          MR. JMAEV:  -- ULTRAPROOF AND ENDLISS.

8          MR. LEE:  NICHOLAS LEE ON BEHALF OF THE DEFENDANTS.

9          MR. KIM:  RICHARD KIM ON BEHALF OF PLAINTIFF SPIGEN

10   KOREA.

11          MR. CHAE:  HEEDONG CHAE ON BEHALF OF PLAINTIFF SPIGEN

12   KOREA.

13          (PAUSE IN PROCEEDINGS.)

14          THE COURT:  WELL, BEFORE THE COURT ARE TWO MOTIONS BY

15   THE DEFENDANT ULTRAPROOF AND ENDLISS.

16          THE FIRST IS A MOTION TO DISMISS FOR LACK OF STANDING

17   AND A MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL.

18          AND SOME OF THE RECORDS ON THE DISQUALIFY MOTION ARE

19   NOW UNDER SEAL.

20          SO, FIRST, ON THE MOTION TO DISMISS FOR LACK OF

21   STANDING, DEFENDANTS MOVE TO DISMISS FOR LACK OF STANDING

22   PLAINTIFF'S FOURTH AMENDED COMPLAINT.

23          AND THE CLAIMS ORIGINALLY PRESENTED IN THIS NOW

24   CONSOLIDATED CASE AND THE THIRD AMENDED COMPLAINT, THE CLAIMS

25   FIRST PRESENTED IN CASE NUMBER CV 17-1161, NOW ARE CONSOLIDATED

1   WITH THIS CASE IN WHICH DEFENDANTS NOW ARGUE THAT THE CLERK

2   LACKED SUBJECT MATTER JURISDICTION BECAUSE THE UNDISPUTED FACTS

3   SUBMITTED BY PLAINTIFF ESTABLISHED THAT PLAINTIFF DOES NOT OWN

4   THE PATENTS THAT ARE ASSERTED.  STANDING MUST BE PRESENT AT THE

5   TIME THE SUIT IS BROUGHT.

6               "THE TOUCHSTONE OF CONSTITUTIONAL STANDING IN THE

7               PATENT INFRINGEMENT CASE IS WHETHER A PARTY CAN

8               ESTABLISH THAT IT HAS AN EXCLUSIONARY RIGHT TO A

9               PATENT THAT IF VIOLATED BY ANOTHER WOULD CAUSE THE

10              PARTY HOLDING THE EXCLUSIONARY RIGHT TO SUFFER LEGAL

11              INJURY.

12              AND WHEN A PARTY HOLDS ALL RIGHTS OR SUBSTANTIAL

13              RIGHTS, IT ALONE HAS STANDING TO SUE FOR

14              INFRINGEMENT.

15              A PATENT OWNERSHIP INTEREST IS REQUIRED FOR

16              CONSTITUTIONAL STANDING AND JOINDER OF ALL CO-OWNERS

17              -- I.E., THE COMPLETE OWNERSHIP ON PLAINTIFF'S SIDE

18              IS REQUIRED FOR PRUDENTIAL STANDING.

19              WHEN PRESENTED WITH FACTUAL ATTACK ON JURISDICTION,

20              THE COURT NEEDS TO PRESUME THE TRUTHFULNESS OF THE

21              PLAINTIFF'S ALLEGATIONS.

22              HERE ON BEHALF OF THE DEFENDANTS" --

23              COUNSEL, HAVE A SEAT FOR A MOMENT.  YOU WOULD MAKE ME

24   COMFORTABLE.

25              THANK YOU.

1          "HERE DEFENDANTS HAVE ARGUED THAT PLAINTIFF SPIGEN

2          KOREA LIMITED, A SOUTH KOREAN CORPORATION, DOES NOT

3          OWN ALL RIGHTS OR SUBSTANTIAL RIGHTS IN THE FIVE

4          PATENTS IN SUIT.

5          "THE PLEADINGS STATE THAT PLAINTIFF IS THE OWNER

6          OF ALL RIGHT, TITLE, AND INTEREST IN EACH OF THE

7          PATENTS.

8          "AND THROUGH DISCOVERY DEFENDANTS LEARNED THAT AT

9          LEAST AS EARLY AS NOVEMBER 16TH, 2016 PLAINTIFF'S

10         SUBSIDIARY BASED IN CALIFORNIA, SPIGEN, INC., HAD

11         DECLARED UNDER PENALTY OF PERJURY TO AMAZON.COM

12         THAT IT OWNS THE ENTIRE RIGHT, TITLE, AND INTEREST

13         IN AND TO U.S. PATENT NUMBER 9 MILLION FOUR HUNDRED

14    AND -- OR STRIKE THAT.

15         -- 9,049,283, THE '283 PATENT, IN ORDER TO

16         CONVINCE AMAZON.COM TO REMOVE DEFENDANT'S LISTING

17         FOR THE ACCUSED PRODUCTS FROM THE WEBSITE, AND THAT

18         SPIGEN, INC. OWNS THREE OF THE FOUR REMAINING DESIGN

19         PATENTS IN SUIT.

20         IN RESPONSE TO AN INTERROGATORY, PLAINTIFF STATED

21    THAT SPIGEN, INC. HANDLES PATENT ENFORCEMENT MATTERS IN THE

22    UNITED STATES BUT THAT NO WRITTEN AGREEMENTS WITH SPIGEN, INC.

23    REGARDING THE PATENTS IN SUIT EXIST.

24         ALSO, IN DISCOVERY RESPONSE, PLAINTIFF DENIED THAT

25    SPIGEN, INC. HAS NO OWNERSHIP INTEREST IN THE PATENTS.

1          THEREFORE, DEFENDANTS ARGUE BECAUSE PLAINTIFF AND

2   SPIGEN, INC. CANNOT BOTH OWN THE ENTIRE RIGHT, TITLE, AND

3   INTEREST IN THE PATENTS AND ONE OF THE PLAINTIFF'S

4   REPRESENTATIONS IS FALSE.  AND PLAINTIFF CANNOT SHOW THAT IT

5   OWNS ALL RIGHTS OR ALL SUBSTANTIAL RIGHTS IN THE PATENTS ARE A

6   REQUIREMENT FOR STANDING.

7          IN RESPONSE, PLAINTIFF ARGUES TO THE COURT THAT THE

8   MEET AND CONFER THAT DEFENDANT STATED WAS IN REGARD TO THIS

9   MOTION WAS REGARDING DISCOVERY DISPUTES.  AND, THUS, DEFENDANTS

10  HAD VIOLATED RULE 7-3.

11         NEXT, PLAINTIFF ARGUES THAT IT IS THE OWNER OF ALL

12  RIGHT, TITLE, AND INTEREST IN THE PATENTS, WHICH PLAINTIFFS

13  ASSERT, SUPPORTED BY THE PATENT AND TRADEMARK OFFICE'S

14  ASSIGNMENT OF RECORDS, WHICH SHOW THAT THE PATENTS WERE EACH

15  INVENTED BY DAE YOUNG KIM, THE CEO OF PLAINTIFF.  AND FOUR OF

16  THE FIVE OF THEM WERE ASSIGNED TO PLAINTIFF.

17         NEXT, PLAINTIFF ARGUES THAT SPIGEN, INC. AS A WHOLLY

18  OWNED SUBSIDIARY OF PLAINTIFF AND THE EXCLUSIVE SELLER OF

19  PLAINTIFF'S PRODUCTS IN THE UNITED STATES IS THE EXCLUSIVE

20  IMPLIED LICENSEE WHO CAN CLAIM AN OWNERSHIP INTEREST IN THE

21  PATENTS.

22         THUS, SPIGEN, INC.'S REPRESENTATION TO AMAZON THAT

23  IT WAS THE OWNER OF THE ENTIRE RIGHT, TITLE, AND INTEREST IN

24  SEVERAL OF THE PATENTS IN SUIT PLAINTIFF ARGUES WAS NOT FALSE.

25         IN REPLY, DEFENDANTS ARGUE THAT,

1          "THROUGH SEVERAL CONVOLUTED CONTRADICTORY AND

2          CIRCULAR ARGUMENTS PLAINTIFF APPEARS TO ASSERT THAT

3          ITS SUBSIDIARY SPIGEN, INC. HAS SOME UNIDENTIFIED

4          OWNERSHIP INTEREST IN THE ASSERTED PATENTS.  BUT THAT

5          PLAINTIFF SOMEHOW STILL OWNS THE ENTIRE RIGHT, TITLE,

6          AND INTEREST IN THE ASSERTED PATENTS.

7          HOWEVER, IT'S NOT THE SAME ASSERTION OF PARTIAL

8          OWNERSHIP INTEREST THAT HAS RAISED THE STANDING

9          ISSUE BUT AN ASSERTION THAT SPIGEN, INC. IS THE

10         OWNER OF THE ENTIRE RIGHT, TITLE, AND INTEREST

11         IN THE ASSERTED PATENTS, END OF QUOTE.

12         SO, I REALLY HAVE TWO CONCERNS HERE, COUNSEL.

13         THE FIRST IS ABOUT THE ASSERTION IN THE DISCOVERY

14  RESPONSES THAT SPIGEN, INC., THE CHILD COMPANY, HAS SOME

15  OWNERSHIP INTEREST IN THE PATENTS.

16         EVEN IF SPIGEN, INC. IS THE IMPLIED EXCLUSIVE

17  LICENSEE, EXCLUSIVE LICENSES DO NOT HAVE OWNERSHIP INTEREST IN

18  PATENTS.  AND I CITE BUSHNELL VERSUS BREWTON COMPANY FOR THAT

19  PROPOSITION.

20         FURTHER, IF SPIGEN, INC. HAD OWNERSHIP RIGHTS,

21  PLAINTIFF WOULD LACK STANDING BECAUSE UNDER PRUDENTIAL'S

22  STANDING RULES, A CO-OWNER OF A PATENT CANNOT BRING SUIT FOR

23  INFRINGEMENT WITHOUT JOINING ALL CO-OWNERS.  AND SPIGEN HAS NOT

24  BEEN JOINED.  I'M SORRY.  I CITE BUSH- -- BUSHNELL, INC. VERSUS

25  BREWTON COMPANY FOR THAT PROPOSITION.  I CITE APEX -- ASPEX

1 | <u>EYEWEAR VERSUS MIRACLE OPTICS</u> FOR THE FORMER PROPOSITION.

2 | MY SECOND CONCERN IS THAT IT REALLY DOES NOT SEEM

3 | THAT IT COULD BE TRUE BOTH THAT PLAINTIFF HAS ALL TITLE, RIGHT,

4 | AND INTEREST IN THE PATENTS AS PLAINTIFFS ASSERT IN THIS

5 | ACTION, AND THAT SPIGEN, INC. HAS ALL THE TITLE, RIGHT, AND

6 | INTEREST IN THE PATENTS AS WAS ASSERTED TO AMAZON UNDER PENALTY

7 | OF PERJURY.

8 | SO, MY QUESTIONS ARE AS FOLLOWS:

9 | MY FIRST QUESTION FOR THE PLAINTIFF IS THE ISSUE OF

10 | OWNERSHIP, IF SPIGEN, INC. HAS ANY OWNERSHIP INTEREST IN THE

11 | PATENTS, HOW CAN YOU HAVE STANDING WITHOUT JOINING THEM?

12 | JUST REMAIN SEATED.

13 | MR. KIM:  YES, YOUR HONOR.

14 | THE COURT:  GO AHEAD.

15 | MR. KIM:  WELL, SPIGEN KOREA AS WE HAVE PROVIDED WITH

16 | THE EVIDENCE AND INFORMATION IS THE OWNER OF THE PATENTS.

17 | SPIGEN, INC. HAS BEEN ASSIGNED AN IMPLIED EXCLUSIVE

18 | LICENSE.  SO, THEY HAVE RIGHTS IN THE -- IN THE PATENT.

19 | THE COURT:  WHY WOULDN'T YOU JOIN THEM?

20 | MR. KIM:  I DON'T BELIEVE THAT'S NECESSARY, BUT  --

21 | THE COURT:  OKAY.

22 | MR. KIM:  -- I THINK WE --

23 | THE COURT:  THANK YOU.

24 | HOW CAN IT BE TRUE THAT YOU HAVE THE TITLE, RIGHT,

25 | AND INTEREST IN THE PATENTS BUT THIS SPIGEN, INC. ALSO DOES?

```
 1              MR. KIM:  WELL, YOUR HONOR, I BELIEVE THE RFA'S WERE

 2    A LITTLE VAGUE AND AMBIGUOUS.  AND WE OBJECTED --

 3              THE COURT:  WELL, THEY CERTAINLY WERE, BUT --

 4              MR. KIM:  AND WE OBJECTED ON THOSE GROUNDS.

 5              AND, YOUR HONOR --

 6              THE COURT:  AND BY THE SAME TOKEN, IT'S PRETTY

 7    EXPLICIT THAT YOU CAN'T HAVE IT BOTH WAYS.

 8              MR. KIM:  I UNDERSTAND, YOUR HONOR.

 9              THE COURT:  AND, THEREFORE, IT'S A FALSE

10    REPRESENTATION.  SO, BE VERY CAREFUL IN MY COURT.  YOU MAY GET

11    AWAY WITH THAT UP AT THE PTO.

12              AND I ASKED YOU A QUESTION.  NOW ANSWER IT.

13              I DON'T LIKE THE DANCING THAT'S GOING ON HERE AND THE

14    CONTRADICTORY ANSWERS I'M GETTING.

15              MR. KIM:  YOUR HONOR, I UNDERSTAND.

16              THE COURT:  OKAY.  MAKE IT SUCCINCT.

17              AND I'LL SAY ONCE AGAIN.  IT CAN'T BE TRUE THAT YOU

18    HAVE ALL THE TITLE, RIGHT, AND INTEREST IN THE PATENTS BUT THE

19    SPIGEN, INC. ALSO DOES.  SIMPLE AS THAT.

20              SO, WHO IS LYING HERE?

21              MR. KIM:  SO, YOUR HONOR, SPIGEN KOREA HAS -- IS THE

22    OWNER OF THE -- SPIGEN KOREA IS THE OWNER OF THE PATENT -- NOT

23    SPIGEN, INC.  SPIGEN, INC. HAS RIGHTS TO THE PATENT.

24              AND BECAUSE THE RFA'S WERE VAGUE AND AMBIGUOUS, WE

25    RESPONDED THEY WERE.
```

1          THE FIRST RESPONSE WE GAVE WAS THAT IN THAT RFA

2     RESPONSE WAS THAT SPIGEN, INC. IS THE OWNER OF THE '283 PATENT.

3          THE COURT:  SO, IF I MAKE THAT FINDING, IF I FIND

4     THAT YOU OWN OR PLAINTIFF OWNS THE RIGHTS AND HAS STANDING.

5     AND THE MOTION SHOULD BE THEN DENIED, THEN IT ALSO SEEMS

6     SPIGEN, INC. MADE INACCURATE STATEMENTS TO AMAZON ABOUT ITS

7     OWNERSHIP OF THE PATENTS.

8          NOW, LOOK AT ME.  I'M OVER HERE.  LET'S TALK ABOUT

9     THAT.

10          MR. KIM:  THE -- WITH THE REPRESENTATION TO AMAZON,

11     THE PATENT WAS ACTUALLY ATTACHED -- THE ACTUAL PATENT WAS

12     ATTACHED TO -- TO THE REPRESENTATIONS THAT THEY MADE TO AMAZON.

13          AND --

14          THE COURT:  WHAT --

15          MR. KIM:  THE ACTUAL PATENT -- WHEN THEY --

16          THE COURT:  DO YOU FEEL LIKE A GOPHER DIGGING A HOLE

17     RIGHT NOW?

18          I'M GOING TO ASK YOU ONCE AGAIN.  YOU MADE AN

19     INACCURATE STATEMENT TO AMAZON THEN.  IN OTHER WORDS, TO

20     PREVAIL ON THIS MOTION, THAT MEANS YOU MADE AN INACCURATE

21     STATEMENT TO AMAZON.  IT'S JUST AS SIMPLE AS THAT.

22          NOW, YOU MAY STILL PREVAIL ON THE MOTION.  BUT LET'S

23      -- LET'S TALK ABOUT THAT AGAIN.

24          MR. KIM:  I THINK --

25          THE COURT:  I THINK YOU MADE AN INACCURATE STATEMENT

1  TO AMAZON IF YOU'RE GOING TO WIN THIS MOTION.  AND IF NOT,

2  YOU'RE GOING TO LOSE IT.

3        WHICH DID YOU DO?  YOU'VE GOT A TOUGH DECISION TO

4  MAKE NOW.  AND IF YOU KEEP DANCING ON ME, YOU'RE GOING TO FIND

5  YOURSELF OUT OF COURT.

6        MR. KIM:  I UNDERSTAND, YOUR HONOR.

7        WOULD --

8        THE COURT:  YEAH.  GOOD.

9        NOW, WHICH ONE?  WHO DID YOU LIE TO?

10        MR. KIM:  WOULD IT BE --

11        THE COURT:  AMAZON? -- YES OR NO.

12        MR. KIM:  IS IT POSSIBLE --

13        THE COURT:  AND I DON'T MEAN THAT PERSONALLY.

14        MR. KIM:  I UNDERSTAND, YOUR HONOR.

15        THE COURT:  YOU'RE ETHICAL, OUTSTANDING.  I LOVE TO

16  HAVE YOU HERE AS A COUNSEL.  YOU'RE WONDERFUL.

17        MR. KIM:  COULD YOU HOLD ON ONE SECOND.

18        THE COURT:  BUT THERE'S A MISREPRESENTATION HERE.  I

19  CALL IT A LIE.

20        YOU BETTER TALK TO YOUR CO-COUNSEL THERE.  HE MIGHT

21  HELP YOU OUT.

22        (PAUSE IN PROCEEDINGS.)

23        THE COURT:  YOU MAY DECIDE REAL QUICK -- IF YOU'RE

24  GOING TO LIE TO THE COURT.  YOU'RE GOING TO LIE TO AMAZON.

25        WHICH ONE?

1          I WOULD CERTAINLY PREFER AMAZON, BUT YOU COULD MAKE

2     UP YOUR MIND HERE IN A FEW MOMENTS.

3          BUT WHAT I'M NOT GOING TO DO IS ALLOW YOU TO KEEP

4     DANCING ON ME BETWEEN, YOU KNOW, OH, GOLLY, GOSH, JUDGE.

5          WHICH ONE NOW?

6          MR. KIM:  SPIGEN -- SPIGEN, INC. MADE AN INACCURATE

7     STATEMENT TO AMAZON.

8          THE COURT:  LET'S CALL THAT A LIE TO AMAZON.

9          IS THAT CORRECT?

10          (PAUSE IN PROCEEDINGS.)

11          THE COURT:  YOU LIED TO AMAZON.

12          YES OR NO?

13          MR. KIM:  I -- YES, YOUR HONOR.  I --

14          THE COURT:  YEAH --

15          MR. KIM:  I MEAN --

16          THE COURT:  OKAY.  WE'LL CALL IT MISREPRESENTATION SO

17     WE LOOK BETTER.  OKAY.

18          ALL RIGHT.  WHY?

19          MR. KIM:  I -- WELL, SPIGEN --

20          THE COURT:  I KNOW YOU'RE NOT PERSONALLY RESPONSIBLE

21     FOR THAT.  SOME GENIUS NEXT TO YOU MAYBE HELPED YOU WITH THAT.

22          MR. KIM:  SPIGEN, INC., WHAT -- WHAT ENDS UP

23     HAPPENING --

24          THE COURT:  WHO DID THIS?

25          MR. KIM:  -- IS WHEN THEY PROVIDE --

1            THE COURT:  YOU CAN TALK TO HIM BECAUSE HE MAY BE

2    RESPONSIBLE SINCE HE'S LEAD COUNSEL HERE.  YOU MIGHT WANT HIM

3    TO HELP YOU OUT.

4            WHY DID YOU MAKE THESE MISREPRESENTATIONS TO AMAZON?

5            MR. CHAE:  YOUR HONOR, THE AMAZON REPORT WAS MADE BY

6    SPIGEN, INC.'S EMPLOYEE.  PROBABLY THEY'RE USING A FIRST

7    TEMPLATE DRAFTED BY ANATONY AND PROBABLY -- THAT'S MY GUESS.

8    WELL --

9            THE COURT:  JUST A MOMENT.  THAT'S YOUR GUESS?

10           MR. CHAE:  SORRY, YOUR HONOR.  YEAH.  AMAZON REPORT

11    --

12           THE COURT:  NOW, YOU'RE LEAD COUNSEL.  AND YOU'VE

13   DONE THIS BEFORE.

14           YOU'VE BOTH BEEN HERE BEFORE WITH SPIGEN.  YOU'RE IN

15   THE WRONG COURT NOW.

16           NOW, LET'S TRY THAT AGAIN.  I DON'T BELIEVE YOU.

17           YOU WANT TO TRY AGAIN.

18           (PAUSE IN PROCEEDINGS.)

19           MR. KIM:  SO, WHEN SPIGEN, INC. PROVIDES THOSE

20   NOTICES TO AMAZON, THEY USE A -- I BELIEVE THEY USE A FORM.

21           THE COURT:  AND THAT FORM SAYS I GET TO LIE.

22           MR. KIM:  IT DOESN'T SAY I GET TO LIE, BUT --

23           THE COURT:  IT GETS TO SAY I GET TO MISREPRESENT.  IT

24   GETS TO SAY I GET TO COME INTO FEDERAL COURT AND NOW CLAIM, YOU

25   KNOW, OWNERSHIP, TITLE, ET CETERA.

1            AND -- IN OTHER WORDS, I GET CONTRADICTORY

2      STATEMENTS.  IT'S OKAY TO LIE TO AMAZON.  BUT, YOU KNOW, TO

3      PREVAIL ON THIS MOTION, YOU'VE GOT TO COME CLEAN WITH IT.

4            MR. KIM:  THERE'S A -- THE WAY THAT THE RELATIONSHIP

5      WITH SPIGEN KOREA AND SPIGEN, INC. GO IS THEY'RE VERY CLOSELY

6      RELATED.

7            THE COURT:  UH-HMM.

8            MR. KIM:  SO, A LOT OF THE EMPLOYEES -- SO, EVEN

9      THOUGH THEY WORK FOR SPIGEN, INC., THEY GET THE CEO OF SPIGEN

10     KOREA IS ALSO THE CEO OF SPIGEN, INC.  SO, WHEN THEY'RE GETTING

11     DIRECTIONS, THEY BELIEVE THAT -- THEY'RE NOT LAWYERS THAT ARE,

12     YOU KNOW, MAKING -- MAKING THE COMMUNICATIONS WITH AMAZON.  SO,

13     THEY'RE -- WHAT THEY'RE DOING IS THEY'RE PROVIDING -- THEY HAVE

14     A FORM TO GIVE TO AMAZON SAYING THAT THIS IS OUR PATENT.  AND

15     THAT'S WHAT HAPPENED, YOUR HONOR.

16           THE COURT:  YOU -- COUNSEL, YOU'VE DONE EXCELLENT

17     ARGUING NONSENSE.  THANK YOU VERY MUCH.  I'M NOT ACCEPTING

18     THAT.

19           COUNSEL, LET ME HEAR FROM YOUR SIDE.

20           WHAT HAPPENED HERE?  IT SEEMS TO ME THAT THEY CAN'T

21     HAVE IT BOTH WAYS.  I'M A LITTLE CONCERNED ABOUT THE

22     MISREPRESENTATIONS BEING MADE TO THE CIVIL ENTITY, IF YOU WILL,

23     THE PRIVATE ENTITY.  AND THEN COMING INTO MY COURT AND TRYING

24     TO CLAIM THE ACTUAL -- THE ABSOLUTE OPPOSITE.

25           MR. LEE:  JUDGE, THE -- THE WHOLE THING SPUN OUT OF

1    THEIR RESPONSES TO OUR INTERROGATORY RESPONSES THAT SPIGEN,

2    INC. SUBSIDIARY ENFORCES PATENTS IN THE U.S.

3            ONLY THE OWNER WHO OWNS THE PATENTS CAN ENFORCE THE

4    PATENTS IN THE U.S.

5            THE COURT:  YEAH.

6            MR. LEE:  WE'VE ASKED TO CLARIFY.  THEY WOULDN'T --

7    THEY ADMITTED, ACKNOWLEDGED THAT THERE IS NO AGREEMENTS,

8    WRITTEN AGREEMENTS, BETWEEN SPIGEN, INC. AND SPIGEN KOREA,

9    WHICH -- WHICH PROMPTED US TO SUBMIT A REQUEST -- A REQUEST FOR

10   ADMISSIONS AND ASKED THEM TO ADMIT OR DENY WHETHER THE

11   REPRESENTATIONS THEY MADE TO AMAZON WAS ACCURATE.

12           THEY ADMITTED -- WHICH AS A SWORN TESTIMONY THAT THE

13   AMA- -- THAT THE REPRESENTATIONS MADE TO AMAZON.COM WAS TRUE

14   STATEMENT.

15           THE COURT:  IT WAS WHAT?

16           MR. LEE:  IT WAS A TRUE -- THE -- THE REPRESENTATION

17   THAT SPIGEN, INC. OWNED ALL ENTIRE RIGHTS TO THE PATENTS WERE

18   TRUE STATEMENT.

19           THE COURT:  WAS A TRUE STATEMENT.

20           MR. LEE:  THAT'S WHAT THEY ADMITTED TO IN THE RFA'S.

21           THE COURT:  NOW, WHICH COUNSEL DID THAT?  WHICH

22   COUNSEL SIGNED THIS?

23           MR. LEE:  IT WOULD BE MR. CHAE.

24           THE COURT:  AND WHICH GENTLEMAN IS THAT?

25           MR. CHAE:  I -- I AM HEEDONG CHAE, YOUR HONOR.

1              THE COURT:  YEAH.

2              MR. CHAE:  WE -- TO THE QUESTION THAT BASED ON -- THE

3    QUESTION IS VAGUE AND AMBIGUOUS LIKE SPIGEN, INC. IS THE OWNER

4    OF THE ENTIRE RIGHT.

5              AND OUR UNDERSTANDING IS THAT THIS EXCLUSIVE LICENSE

6    -- LICENSES IS SOMETIMES RIGHT.  AND WE INTERPRET IT THAT IT'S

7    -- YOU KNOW, SOME KIND OF OWNERSHIP AS WELL.  SO, IT'S A

8    COMPOUND QUESTION.  SO, LIKE, WE OBJECTED BASED ON IT'S A VAGUE

9     --

10             THE COURT:  SO, YOU DIDN'T UNDER- --

11             MR. CHAE:  -- VAGUE AND AMBIGUOUS.

12             THE COURT:  YOU DIDN'T UNDERSTAND THE QUESTION.  IS

13   THAT WHAT I'M HEARING?

14             MR. CHAE:  BUT WE -- WE ANSWER THE QUESTION BASED ON

15   OUR UNDERSTANDING THAT SPIGEN, INC. IS -- HAS SOME KIND OF

16   RIGHT TO THE PATENT.  BUT IT DOESN'T HAVE THE ENTIRE RIGHT.

17   SO, IT'S PARTIALLY RIGHT AND PARTIALLY WRONG.  SO --

18             MR. KIM:  OUR INITIAL RESPONSE, YOUR HONOR, TO THE --

19   TO THE RFA WAS THAT SPIGEN -- WE SAID SPIGEN, WHICH WAS SHORT

20   FOR SPIGEN KOREA IS THE OWNER OF ALL RIGHTS, TITLE, AND

21   INTEREST.

22             AND WE OBJECTED TO THE RFA ON BEING VAGUE AND

23   AMBIGUOUS.

24             AND THEN WHEN WE SUPPLEMENTED THE RESPONSE, WE

25   SUPPLEMENTED THE RESPONSE SUBJECT TO OUR PREVIOUS OBJECTION AND

1    RESPONSES.

2              (PAUSE IN PROCEEDINGS.)

3              THE COURT:  WELL, WHY AM I ENJOYING THIS SO MUCH.

4              MR. KIM:  I DON'T KNOW, YOUR HONOR.

5              THE COURT:  WELL, I DON'T KNOW HOW TO SAY IT.  YOU

6    GOT CAUGHT.

7              (PAUSE IN PROCEEDINGS.)

8              THE COURT:  NOW, THE QUESTION IS WHAT'S THE RIGHT

9    LEGAL RULING CONCERNING OWNERSHIP VERSUS THE MISREPRESENTATION.

10   THAT'S WHAT I'VE GOT TO SORT OUT.

11             SO, MAYBE THAT YOU PREVAIL ON THE MOTION, BUT IT'S

12   PRETTY CLEAR TO THE COURT THAT YOU CAN'T HAVE IT BOTH WAYS.

13   THE MISREPRESENTATION WAS MINIMALLY MADE TO AMAZON.

14             NOW, I DON'T KNOW THE LEGAL WEIGHT OF THAT --

15             MR. LEE:  YOUR HONOR --

16             THE COURT:  BUT I'LL TAKE THAT UP IN JUST A MOMENT.

17             NOW, THERE'S ALSO A MOTION TO DISQUALIFY COUNSEL.

18             IS IT "CHAI" OR "CHEE," SIR?  I'M --

19             MR. CHAE:  CHAE.

20             THE COURT:  CHAE.  I'M SORRY.  I APOLOGIZE.

21             AND LUCEM PC AS COUNSEL FOR PLAINTIFF.  YOU'RE NOT

22   LUCEM, ARE YOU?

23             MR. KIM:  YOUR HONOR, I'M OF COUNSEL AT LUCEM, BUT

24   I'M -- I AM MY OWN INDEPENDENT LAW FIRM.

25             THE COURT:  DEFENDANTS ARGUE THAT DISQUALIFYING MR.

1    --

2              MR. CHAE:   CHAE.

3              THE COURT:  CHAE.

4              I'M SORRY.  THANK YOU.

5              MR. CHAE:  YES, YOUR HONOR.

6              THE COURT:  MR. CHAE AND THE FIRM IS NECESSARY TO

7    AVOID PREJUDICE TO DEFENDANT'S CONFUSION TO THE JURY AND THE

8    APPEARANCE OF IMPROPRIETY THAT CAST A SHADOW OVER THE JUDICIAL

9    PROCESS.

10             MR. CHAE'S ATTEMPT TO SERVE TWO ROLES AS WITNESS AND

11   LITIGATION COUNSEL DEFENDANTS ARGUE COUPLED WITH RELATED

12   DISCOVERY ABUSES HAS CAUSED ACTUAL PREJUDICE TO DEFENDANTS.

13             IN CALIFORNIA EVEN WITH THE INFORMED WRITTEN CONSENT

14   PERMITTED BY THE RULE,

15             "COURTS MUST HAVE DISCRETION TO DISQUALIFY COUNSEL

16             SERVING AS A WITNESS ON A CONVINCING DEMONSTRATION OF

17             DETRIMENT TO THE OPPONENT OR INJURY TO THE INTEGRITY

18             OF THE JUDICIAL PROCESS."

19             NOW, COUNSEL, YOU'VE BEEN IN FRONT OF ME MANY TIMES

20   ON A NUMBER OF CASES.

21             AND IN SPIGEN KOREA LIMITED VERSUS ISPEAK, CASE

22   NUMBER 15-01050, DURING A TRIAL BEFORE THIS VERY COURT, IT

23   BECAME EVIDENT THAT MR. CHAE WOULD LIKELY BE A NECESSARY

24   WITNESS BECAUSE THE INVENTOR OF U.S. PATENT NUMBER 9,049,283,

25   ONE OF THE SAME PATENTS AT ISSUE HERE IN THIS CASE, TESTIFIED

1    THAT HE WAS UNAWARE OF HIS DUTY TO SUBMIT PRIOR WRITTEN ART --

2    I'M SORRY, PRIOR ART TO THE UNITED STATES PATENT & TRADEMARK

3    OFFICE DURING PROSECUTION OF THE PATENT APPLICATION THAT

4    RESULTED IN THE '283 PATENT AND THAT HE RELIED UPON

5    MR. CHAE TO MAKE THOSE DETERMINATIONS FOR HIM.

6           IF YOU RECALL I EXPRESSED CONCERN OVER MR. CHAE'S

7    ROLE AS ADVOCATE AND WITNESS AND ULTIMATELY DECLARED A MISTRIAL

8    IN THAT MATTER BECAUSE OF IT.

9           "IF YOU HAVE ANY SOLUTIONS" -- THIS IS ME SPEAKING TO

10   YOU --

11          "IF YOU HAVE ANY SOLUTIONS, I'M HAPPY TO LISTEN TO

12              THEM ON THE RECORD BEFORE I ACT."

13          BUT I HAVE INDICATED VERY STRONGLY IN CHAMBERS THAT I

14   THOUGHT THAT THIS WAS A MISTRIAL UNFORTUNATELY BECAUSE I DON'T

15   SEEM TO BE ABLE TO -- AT LEAST IN MY MIND -- RESOLVE EITHER HOW

16   YOU SHOULDN'T BE CALLED TO THE WITNESS STAND.  AND IF YOU ARE

17   CALLED TO THE STAND, WHETHER THERE IS A WAIVER OF THE

18   PRIVILEGE.

19          AND, SO, THE END RESULT IS COUNSEL HAS A DIFFICULT

20   TIME PURSUING HIS LINE OF QUESTIONING FOR PRIOR ART, REFERRING

21   TO THE DEFENSE COUNSEL AT THE TIME.

22          WHEN YOU'RE BROUGHT INTO THE CASE, IT MAKES IT

23   EXTRAORDINARILY DIFFICULT IF NOT IMPOSSIBLE.

24          HOWEVER, WHEREAS MR. CHAE AND HIS FIRM WERE

25   CO-COUNSEL IN THE ISPEAK CASE AND WERE ASSISTING LEAD COUNSEL

1    MICHAEL HEWITT AT THE TIME, MR. CHAE HERE IS LEAD COUNSEL AS I

2    UNDERSTAND IT, COUNSEL.

3             IS THAT CORRECT?

4             MR. CHAE:  YES, YOUR HONOR.

5             THE COURT:  LEAD COUNSEL.

6             AND ALL THE APPEARING ATTORNEYS ARE ASSOCIATES OF HIS

7    FIRM LUCEM PC.

8             AND MR. CHAE IS THE SOLE SHAREHOLDER OF LUCEM PC.

9             NOW, IS MR. CHAE'S FIRM LUCEM PC?

10            MR. CHAE:  YES, YOUR HONOR.

11            THE COURT:  AND ARE YOU INDEPENDENT COUNSEL FROM

12   LUCEM PC?

13            MR. KIM:  I'M -- I'M A --

14            I'M SORRY.  WHAT DO YOU MEAN BY INDEPENDENT COUNSEL?

15            I AM --

16            THE COURT:  WELL, I DON'T KNOW.  LET ME SAY THIS.

17            MR. KIM:  I AM OF COUNSEL.

18            THE COURT:  WHERE IS YOUR OFFICE LOCATED?

19            MR. KIM:  BUENA PARK, YOUR HONOR.

20            THE COURT:  AND WHERE IS MR. CHAE'S OFFICE?

21            MR. KIM:  DOWNTOWN LOS ANGELES.

22            THE COURT:  OKAY.

23            AND ARE YOU ASSOCIATED WITH THE FIRM?  ARE YOU

24   INDEPENDENT?  I -- I DON'T KNOW --

25            MR. KIM:  I AM INDEPENDENT OF THE FIRM, YOUR HONOR.

1    I WORK WITH THEM CLOSELY ON PATENT MATTERS.

2              THE COURT:  OKAY.

3              WELL, DEFENDANTS ARGUE THAT THERE COULD BE NO DISPUTE

4    THAT MR. CHAE WILL BE A NECESSARY TESTIFYING IN THIS -- WITNESS

5    IN THIS CASE.

6              THE SPECIAL MASTER STATED AT THE CONCLUSION OF HIS

7    EXAMINATION THAT,

8              "MR. CHAE IS THE ONLY SOURCE FOR THE INFORMATION

9              ABOUT PRIOR ART DECISIONS AND DISCLOSURES OF

10             NON-DISCLOSURES DURING THE PROSECUTION OF THE '283

11             PATENT.

12             THEREFORE, ON MARCH 5TH, 2018, THE SPECIAL MASTER

13             ORDERED MR. CHAE'S DEPOSITION.  AND IT WAS HELD ON

14             MARCH 28TH, 2018.

15             MR. CHAE'S TESTIMONY DEFENDANTS ARGUE PRESENTS A

16             DIRECT CONFLICT WITH HIS CLIENT.  BECAUSE IN THE

17             PRIOR ISPEAK TRIAL, THE INVENTOR MR. KIM TESTIFIED

18             THAT MR. CHAE NEVER TOLD HIM THAT HE HAD TO SUBMIT

19             PRIOR ART TO THE PTO; WHEREAS MR. CHAE IS PREPARED TO

20             TESTIFY THAT MR. KIM DOES NOT HAVE A REALLY GOOD

21             MEMORY, QUOTE, UNQUOTE, WHICH DEFENDANTS ASSERT

22             CREATE A CONFLICT BETWEEN MR. CHAE'S PERSONAL

23             INTEREST AND HIS CLIENT'S INTEREST.

24             DEFENDANTS ALSO ASSERT THAT DURING DISCOVERY MR. CHAE

25             DID NOT PRODUCE ALL THE DOCUMENTS WITH THE PATENT

1             PROSECUTION FILE, INCLUDING COMMUNICATIONS BETWEEN

2             MR. CHAE AND SPIGEN, INC. OR SPIGEN KOREA PERTAINING

3             TO THE PATENTS BASED ON A WORK-PRODUCT-PRIVILEGE

4             OBJECTION.

5             SUCH AN OBJECTION WAS ONLY POSSIBLE DUE TO THE

6             DUALITY OF MR. CHAE'S ROLE AS A WITNESS AND COUNSEL.

7             DEFENDANTS ARGUE PLAINTIFFS CONTEND AND -- I'M SORRY

8    --

9             PLAINTIFFS CONTEND IN RESPONSE THAT THE MATERIAL IS

10            WORK PRODUCT REGARDLESS OF WHETHER MR. CHAE IS

11            DISQUALIFIED.

12            IN ADDITION, MR. CHAE REFUSED TO ANSWER UNDER

13            WORK-PRODUCT OBJECTION CERTAIN QUESTIONS ABOUT THE

14            LANGUAGE IN THE PATENT FOR THE PURPOSE OF CLAIMS

15            CONSTRUCTION EVEN THOUGH MR. CHAE WAS THE PERSON WHO

16            DRAFTED THE LANGUAGE IN THE PATENTS.

17            NEXT, A CRITICAL ISSUE IN THIS CASE IS THE DECISION

18            BY MR. CHAE TO WITHHOLD REFERENCE FOR THE PATENT

19            TRADEMARK OFFICE DURING PROSECUTION AND WHETHER THAT

20            ACT CONSTITUTES INEQUITABLE CONDUCT.

21            ONE SUCH REFERENCE WAS KOREAN UTILITY MODEL

22            20-0472435, WHICH IS KUM, THE '435.

23            MR. CHAE HAS STATED THAT HE DID NOT PROVIDE KUM

24            '435, ONE, OR FIRST BECAUSE IT DISCLOSES AN

25            INVENTION SIGNIFICANTLY DIFFERENT FROM THE '283

1         PATENT.

2              AND, TWO, BECAUSE IT IS CUMULATIVE TO OTHER-CITED

3              REFERENCES OF THE '283 PATENT.

4              MR. CHAE ASSERTED THAT ANY CLAIM THAT HE HAD

5              COMMITTED INEQUITABLE CONDUCT WAS BASED ON A

6              MISTRANSLATION OF THE KUM '43 PATENT.

7              AND MR. CHAE THEN PROVIDED A TRANSLATION OF THE

8              KUM '43 PREPARED BY KO & MARTIN.

9              THAT TRANSLATION, HOWEVER, WAS PROVIDED TO THE

10             TRANSLATOR BY MR. CHAE HIMSELF THROUGH EXPLICIT

11             DIRECTIONS AS TO HOW THE DOCUMENT SHOULD BE

12             TRANSLATED IN CONTRAST WITH THE TRANSLATION

13             PRESENTED BY THE ISPEAK DEFENDANTS.

14             DEFENDANTS HERE ARGUE -- WELL, HAVE ARGUED THIS TO

15   THE COURT.

16             AND ACCORDING TO PLAINTIFF, MR. CHAE RECEIVED THE

17             TRANSLATED COPY PROVIDED BY OPPOSING COUNSEL AND

18             DETERMINED IT WAS INACCURATE.

19             MR. CHAE TRANSLATED THE KUM '435 INTO ENGLISH

20             IN ORDER TO MAKE IT MORE ACCURATE AND PROVIDED

21             THE TRANSLATION TO KO & MARTIN FOR REVIEW.  KO

22             & MARTIN REVIEWED THE TRANSLATION, DETERMINED

23             IT WAS ACCURATE, AND ADOPTED THE TRANSLATION.

24             PLAINTIFF FURTHER ASSERTS THAT THERE IS NO NEED TO

25             CALL MR. CHAE BECAUSE DEFENDANTS CANNOT PROVE

1        INEQUITABLE CONDUCT, POINTING OUT THAT THE OWNER

2        OF THE KUM '435 BROUGHT SUIT AGAINST PLAINTIFF

3        IN SEOUL DISTRICT COURT, AND THAT THE COURT FOUND

4        THAT SPIGEN DID NOT INFRINGE ON THE KUM '435.

5        FURTHER, THE KOREAN INTELLECTUAL PROPERTY OFFICE,

6        THE K.I.P.O., INVALIDATED THE KUM '435.  IN

7        ADDITION, THERE WAS NO INTENT TO WITHHOLD THE

8        KUM '435 TO DECEIVE THE PTO PLAINTIFF ARGUES.

9        FURTHER, PLAINTIFF ARGUES THAT THE DEFENDANTS DO

10       NOT HAVE STANDING TO CHALLENGE THE POTENTIAL

11       CONFLICT BECAUSE THEY LACK A PERSONAL STAKE.  AND

12       PLAINTIFF ARGUES THAT MR. CHAE HAS PROVIDED WRITTEN

13       DISCLOSURE, THAT HE MAY BE CALLED AS A WITNESS AND

14       HAS RECEIVED INFORMED CONSENT.

15       FINALLY, PLAINTIFF ARGUES THAT ANY DISQUALIFICATION

16       IF NECESSARY SHOULD BE DONE BY JURY TRIAL.

17       THE WITNESS ADVOCATE RULE IS OFTEN INVOKED IN

18       CRIMINAL CASES WHERE THE PRESTIGE OF A PROSECUTOR'S

19       OFFICE MAY SWAY A JURY TO FIND A PROSECUTOR'S

20       TESTIMONY CREDIBLE SOLELY BECAUSE THE PROSECUTOR'S

21       ROLE IS SUCH.

22       ANOTHER THEORY APPLICABLE HERE IS THAT THE WITNESS

23       ADVOCATE RULE ELIMINATES CONFUSION FOR A JURY OVER

24       THE LAWYER'S ROLE.

25       COURTS HAVE HELD THAT EVEN IN THE PRESENCE OF

1          INFORMED WRITTEN CONSENT WHICH SHOULD BE GIVEN STRONG

2          DEFERENCE, THE COURTS HAVE DISCRETION TO DISQUALIFY

3          COUNSEL PURSUANT TO THE WITNESS ADVOCATE RULE UPON A

4          CONVINCING DEMONSTRATION OF DETRIMENT TO THE OPPONENT

5          OR INJURY TO THE INTEGRITY OF THE JUDICIAL PROCESS.

6          IN MAKING THIS DETERMINATION COURTS ALSO WEIGH THE

7          FOLLOWING INTEREST:

8          FIRST, THE HARDSHIP TO THE CLIENT AS A RESULT OF

9          DISQUALIFICATION.

10         SECOND, POSSIBLY THAT THE MOTION TO DISQUALIFY

11         WAS USED FOR PURELY TACTICAL REASONS.

12         AND, THIRD, GENUINE NEED OF COUNSEL'S TESTIMONY IN

13         THE MATTER.

14         SO, A COUPLE OF QUESTIONS TO THE PLAINTIFF.

15         IN LIGHT OF THE SPECIAL MASTER'S FINDING THAT MR.

16    CHAE IS THE ONLY SOURCE FOR THE INFORMATION ABOUT PRIOR ART

17    DECISIONS AND DISCLOSURES OR NON-DISCLOSURES DURING THE

18    PROSECUTION OF THE '283 PATENT, HOW CAN YOU SAY THAT MR. CHAE

19    WILL NOT BE CALLED AS A WITNESS AT TRIAL.

20         AND, BY THE WAY, I'M ADOPTING THAT RULING AFTER

21    INDEPENDENT ANALYSIS AND REVIEW.

22         MR. KIM:  YEAH.  WELL, YOUR HONOR, YOU KNOW, AS WE

23    ARGUED EARLY IN THE MOTION THAT THERE -- THERE ISN'T A REAL

24    STRONG ARGUMENT FOR INEQUITABLE CONDUCT, BUT WE HAVE RECEIVED A

25    WAIVER FROM THE -- THE CLIENT FOR ANY CONFLICT OF INTEREST OR

1    WHETHER MR. CHAE HAS TO TESTIFY AT TRIAL -- AT TRIAL.

2            HOWEVER, WITH REGARD TO DISQUALIFICATION OF COUNSEL,

3    WE BELIEVE THAT IT'S PREMATURE TO DISQUALIFY MR. CHAE PRIOR TO

4    THE JURY TRIAL.

5            THE COURT:  OKAY.  IF I'M INCLINED TO DISQUALIFY

6    MR. CHAE, COUNSEL ON BEHALF OF THE DEFENDANTS, WHY SHOULD I

7    DISQUALIFY THE ENTIRE FIRM? -- WHICH IS WHY I INQUIRED ABOUT

8    YOUR INDEPENDENCE, COUNSEL.

9            MR. KIM:  I UNDERSTAND.

10           MR. LEE:  WELL, JUDGE, THERE'S A COUPLE OF THINGS.

11           NUMBER ONE, MR. KIM IS ACTUALLY ADVERTISED IN MR.

12   CHAE'S LAW FIRM.

13           THE COURT:  OH, ARE YOU?

14           MR. KIM:  AS -- AS OF COUNSEL AS I REPRESENTED TO THE

15   COURT, YOUR HONOR.

16           THE COURT:  OH, OF COUNSEL.  SO, IF I GOOGLED IT, I

17   WOULD JUST SEE IT WAS OF COUNSEL.

18           MR. KIM:  YES, YOUR HONOR.

19           THE COURT:  WITH AN INDEPENDENT ADDRESS.  OKAY.

20           MR. LEE:  THERE IS NO INDEPENDENT ADDRESS SHOWN IN

21   THE WEBSITE THAT SAYS MR. KIM HAS A SEPARATE OFFICE.

22           THE COURT:  WHERE'S YOUR OFFICE?

23           MR. KIM:  IT'S IN BUENA PARK, YOUR HONOR.

24           THE COURT:  AND WHERE'S MR. CHAE'S OFFICE?

25           MR. KIM:  DOWNTOWN L.A.

1           THE COURT:  OKAY.

2           MR. LEE:  THE OTHER --

3           THE COURT:  COUNSEL, I'LL ACCEPT THAT REPRESENTATION.

4           MR. LEE:  THE OTHER REASON IS THE FACT THAT

5  MR. CHAE'S ASSOCIATES -- SO, IT'S REALLY FOLLOW THE MONEY.

6           MR. -- MR. CHAE IS THE ONE WHO IS ACTUALLY REVIEWING

7  ALL THE INVOICES THAT GOES TO SPIGEN.  MR. CHAE IS THE PERSON

8  THAT'S DECIDING -- IS A DECISION-MAKER WITH RESPECT TO THIS

9  CASE.

10          SPIGEN, INC. --

11          THE COURT:  WELL, THAT DOESN'T -- IF I DISQUALIFY

12 HIM, HE CAN STILL BE A WITNESS, COUNSEL.

13          MR. LEE:  THAT'S -- THAT'S FAIR.

14          THE COURT:  SURE.

15          MR. LEE:  BUT HOWEVER --

16          THE COURT:  THE QUESTION IS IF I DISQUALIFY THE LAW

17 FIRM.

18          MR. LEE:  THE FACT IS THERE'S A CONFLICT THAT'S BEEN

19 CREATED BECAUSE OF THE FACT THAT COUNSEL REPRESENTING THE

20 PLAINTIFF IN THIS CASE HAS ALSO REPRESENTED MR. CHAE DURING THE

21 DEPOSITION OF MR. CHAE.

22          THE COURT:  WELL, WHY WOULD THAT BE A DISQUALIFIER?

23          MR. LEE:  BECAUSE MR. CHAE HAS ALREADY STATED THAT HE

24 HAS ALREADY -- HE HAS INFORMED THE WITNESS ABOUT THE DUTY TO

25 DISCLOSE.  YET, THE WITNESS HAS ALREADY TESTIFIED THAT THE

1   ATTORNEY HAS NOT.

2           THE COURT:  COUNSEL IS NOT GOING TO BE A WITNESS.

3   HE'S NOT PART OF THAT, COUNSEL.

4           HE DIDN'T MAKE THOSE REPRESENTATIONS, DID HE?  MR.

5   CHAE DID.

6           MR. LEE:  AND, PLUS, THE FACT THAT THERE'S -- THERE'S

7   BEEN THIS HUGE GAMESMANSHIP WITH ATTORNEYS REPRESENTING BOTH

8   MR. CHAE AND SPIGEN ASSERTING ATTORNEY-CLIENT PRIVILEGE OR

9   WORK-PRODUCT PRIVILEGE FOR ANSWERING SIMPLE QUESTIONS HAVING TO

10  DO WITH THE PROSECUTION OF THE PATENTS ASSERTED IN THE CASE.

11          THE COURT:  WELL, THAT CAN BE FRUSTRATING.  I CAN

12  BRING SAN- -- YOU CAN BRING SANCTIONS MOTIONS OVER THAT, ET

13  CETERA.  YOU CAN BRING THAT TO THE SPECIAL MASTER'S ATTENTION.

14  I DON'T THINK THAT THAT'S THE REASON FOR DISQUALIFYING THE LAW

15  FIRM.

16          NOW, MR. CHAE I'M GOING TO DISQUALIFY IN A FEW

17  MOMENTS AFTER HEARING THIS AND IN SETTING THIS RECORD.

18          SO, MR. CHAE, YOU'RE DISQUALIFIED FROM THIS MATTER.

19  YOU HAVE A CONFLICT OF INTEREST.  IT'S BLATANT.

20          NOW, THE LAW FIRM WILL BE ABLE TO PROCEED, COUNSEL.

21  AND I'M GOING TO ACCEPT YOUR REPRESENTATION YOU'RE AN

22  INDEPENDENT ENTITY.  IF NOT, I'M GOING TO SANCTION YOU.  AND

23  I'M GOING TO TAKE YOUR LICENSE FROM YOU.

24          DO YOU UNDERSTAND?

25          MR. KIM:  I UNDER- --

1           THE COURT:  DO YOU UNDERSTAND HOW SERIOUS THIS IS?

2           MR. KIM:  I UNDERSTAND HOW SERIOUS IT IS, YOUR HONOR.

3           THE COURT:  OKAY.  GOOD.  THAT'S YOUR REPRESENTATION

4    THEN.

5           ALL RIGHT.  COUNSEL, SO, WE'RE GOING TO GO TO TRIAL

6    WHEN?

7           MR. KIM:  WE HAVE A TRIAL DATE --

8           (PLAINTIFF'S COUNSEL CONFERRING.)

9           MR. CHAE:  JANUARY 15 --

10          THE COURT:  MR. CHAE, YOU'RE DONE NOW.

11          THANK YOU.  YOU'RE NOT PARTICIPATING.

12          MR. LEE:  JANUARY 22ND, 2019, YOUR HONOR.

13          THE COURT:  SAY AGAIN.

14          MR. LEE:  JANUARY 22ND, 2019.

15          THE COURT:  THANK YOU VERY MUCH.

16          OKAY.  COUNSEL.

17          THANK YOU.

18          MR. LEE:  THANK YOU, YOUR HONOR.

19          MR. KIM:  THANK YOU, YOUR HONOR.

20          YOUR HONOR, A QUICK QUESTION.  I KNOW --

21          THE COURT:  LET ME TELL YOU HOW MUCH I DO NOT

22   APPRECIATE YOUR ANSWERS.  YOU'RE PROBABLY GOING TO PREVAIL ON

23   THE OTHER MOTION.

24          MR. KIM:  YES, YOUR HONOR.

25          THE COURT:  BUT LET ME TELL YOU HOW I SUSPECT I AM

1  NOW OF THE REPRESENTATIONS MADE BY YOUR CLIENT.

2         MR. KIM:  I UNDERSTAND, YOUR HONOR.

3         THE COURT:  UNDERSTAND?

4         MR. KIM:  IS -- IS -- YOU SAID THAT MY FIRM IS

5  OBVIOUSLY NOT DISQUALIFIED, BUT IS --

6         THE COURT:  YOU'RE NOT DISQUALIFIED AT THE PRESENT

7  TIME.

8         MR. KIM  IS LU- -- IS THE REST OF THE --

9         THE COURT:  IF I FIND OUT DIFFERENTLY -- IF THERE IS

10  A STRONGER NEXIS, IT'S MUCH MORE THAN JUST -- JUST

11  DISQUALIFYING YOU.

12         MR. KIM:  IS THE REST OF THE LU-  --

13         THE COURT:  I'LL TAKE YOU TO THE STATE BAR.

14         MR. KIM:  I UNDERSTAND, YOUR HONOR.

15         IS THE REST --

16         THE COURT:  AND THAT'S HOW SERIOUS THIS IS.

17         MR. KIM:  I A HUNDRED PERCENT UNDERSTAND HOW SERIOUS

18  THIS IS.

19         THE COURT:  GOOD.

20         MR. KIM:  BUT IS THE REST OF LUCEM PC, ARE THEY

21  DISQUALIFIED?

22         THE COURT:  I DON'T KNOW ABOUT THE REST YET, COUNSEL.

23         I DON'T KNOW THE INTERRELATIONSHIP BETWEEN YOUR OTHER

24  ASSOCIATES AND MR. CHAE.

25         I HAVE YOUR REPRESENTATIONS ON THE RECORD.  SO,

1   YOU'RE THE COUNSEL WHO WILL BE APPEARING ON BEHALF OF LUCEM

2   PRESENTING THIS CASE.

3             MR. KIM:  YES, YOUR HONOR.

4             THE COURT:  BECAUSE I HAVE YOUR SPECIFIC

5   REPRESENTATION THAT YOU'RE AN INDEPENDENT ENTITY, SEPARATE

6   OFFICES  --

7             JUST A MOMENT.  I GOT A NOTE.

8             (PAUSE IN PROCEEDINGS.)

9             THE COURT:  I'M GOING TO DENY THE MOTION TO DISMISS

10  AT THIS TIME.

11            MR. LEE:  YOUR HONOR, MAY I --

12            THE COURT:  THANK YOU VERY MUCH, COUNSEL.

13            GOOD-BYE.

14            MR. KIM:  THANK YOU, YOUR HONOR.

15            MR. LEE:  THANK YOU, YOUR HONOR.

16            (PROCEEDINGS ADJOURNED AT 11:38 A.M.)

17

18

19

20

21

22

23

24

25

33

1                          C E R T I F I C A T E

2

3

4        I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
   FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE
5  ABOVE-ENTITLED MATTER.

6

7  /S/ DOROTHY BABYKIN                     6/13/18
   _____     _____
8  FEDERALLY CERTIFIED TRANSCRIBER         DATED
   DOROTHY BABYKIN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25