Brian G. Arnold (CA 186007)
brian.arnold@lewisbrisbois.com
Josephine A. Brosas (CA 239342)
josephine.brosas@lewisbrisbois.com
Jean M. Kim (CA 309720)
jean.kim@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213-250-1800
Facsimile: 213-250-7900

Joshua D. Curry (GA 117378)
(admitted *pro hac vice*)
josh.curry@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street NE, Suite 2900
Atlanta, GA 30309
Telephone: 404-348-8585
Facsimile: 404-467-8845

Attorneys for Plaintiff
Spigen Korea Co., Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SPIGEN KOREA CO., LTD., a Republic of Korea corporation,

Plaintiff/Counter-Defendant,

v.

ULTRAPROOF, INC., a California corporation; ULTRAPROOF, INC., a Nevada corporation; and ENDLISS TECHNOLOGY, INC., a California corporation,

Defendants/Counterclaimants.

Case No. 2:16-cv-09185-DOC (DFMx), 2:17-cv-01161-DOC (DFMx) (consolidated)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS**

**Hearing Date:**

Date: November 26, 2018
Time: 8:30 a.m.
Location: Courtroom 9D

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4833-5811-9289.6

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

A. Relevant Pleadings ........ 2

B. Relevant Procedural History Before the USPTO ........ 2

1. The Applications ........ 2

2. The Sept. 4, 2018 Petition ........ 3

3. The Sept. 4, 2018 Supplemental Declaration ........ 3

III. LEGAL STANDARD ........ 5

A. Summary Judgment ........ 5

B. Inequitable Conduct ........ 6

IV. ARGUMENT ........ 7

A. Defendants Cannot Prove Specific Intent to Deceive the USPTO Into Issuing the ‘607 Patent. ........ 7

B. Defendants Cannot Prove “But-For” Materiality Regarding the ‘607 Patent By Clear And Convincing Evidence. ........ 9

C. This Court Should Grant Summary Judgment on Defendants’ Inequitable Conduct Counterclaims Regarding the ‘620 and ‘648 Patents. ........ 10

V. CONCLUSION ........ 11

4833-5811-9289.6

i

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF’S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D’607, D’620, AND D’648 PATENTS

# TABLE OF AUTHORITIES

Cases

*Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338 (Fed. Cir. 2000) .......... 8, 9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .......... 5

*Carmen v. S.F. Unified Sch. District*, 237 F.3d 1026 (9th Cir. 2001) .......... 6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......... 5

*3M Innovative Properties Co. v. Dupont Dow Elastomers LLC*, 361 F. Supp. 2d 958 (D. Minn. 2005) .......... 6

*Musick v. Burke*, 913 F.2d 1390 (9th Cir. 1990) .......... 5

*Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) .......... 6, 7, 9

*Therma-Tru Corp. v. Peachtree Doors, Inc.*, 44 F.3d 988 (Fed. Cir. 1995) .......... 6

*S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235 (9th Cir. 1982) .......... 5

*Spigen Korea Co., Ltd. v iSpeaker*, Case No. 2:16-cv-08559 .......... 1

*Va. Innovation Scis. Inc. v. Samsung Elecs. Co.*, 11 F. Supp. 3d 622 (E.D. Va. 2014) .......... 5,6, 7, 9

Statutory Authorities

35 U.S.C. § 26 .......... 10

Rules and Regulations

37 C.F.R. § 1.162 … .......... 3, 10

37 C.F.R. § 1.63 .......... 9, 10

4833-5811-9289.6

ii

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS

37 C.F.R. § 1.64 .......... 9, 10

37 C.F.R. § 1.67 .......... 3

37 C.F.R. §§ 1.67(a) .......... 10

Fed. R. Civ. P. 56(a) .......... 5

Fed. R. Civ. P. 56(c)(3) .......... 6

M.P.E.P. § 602.03 .......... 9

4833-5811-9289.6

iii

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Spigen Korea Co. Ltd ("Plaintiff" or "Spigen") hereby seeks summary judgment on Defendants Ultraproof, Inc. and Endliss Technology, Inc.'s ("Defendants") counterclaims for declaratory judgments of invalidity due to alleged inequitable conduct regarding Spigen's U.S. Design Patents Nos. D771,607 ("the '607 Patent"); D775,620 ("the '620 Patent"); and D776,648 ("the '648 Patent") (collectively "Spigen Design Patents").[1] Defendants contend that the Spigen Design Patents are invalid because the original application was filed by an employee of Spigen's U.S. subsidiary who was neither an inventor nor a patent practitioner. But inequitable conduct requires proof of <u>both</u> (1) the specific intent to deceive the United States Patent and Trademark Office ("USPTO") into issuing the patent, and (2) "but-for" materiality – that the PTO would not have issued the patent had it been aware of the signature issue. Moreover, Defendants must establish each claim by clear and convincing evidence. Defendants cannot meet this burden. No evidence supports Defendants' claims, despite five days of depositions of Spigen's CEO and Spigen's patent counsel. No genuine issues of material fact are in dispute, and Spigen is entitled to summary judgment as a matter of law.

---

[1] This motion does not pertain to the two other Spigen patents previously at issue in this matter – U.S. Design Patent No. D753,099 ("the '099 Patent") and U.S. Utility Patent No. 9,049,283 ("the '283 Patent"). In *Spigen Korea Co., Ltd. v. iSpeaker Co., Ltd.*, Case No. 2:16-cv-08559, this Court invalidated all of the claims of the '283 Patent that Spigen has asserted in the instant action except claims 11 and 12. In the interest of efficiency and judicial economy, Spigen's counsel has indicated to Defendants' counsel that Spigen will no longer assert infringement of these claims against Defendants, and Spigen will no longer assert infringement of the '099 Patent against Defendants.

# II. BACKGROUND

## A. Relevant Pleadings

Spigen contends that Defendants have infringed the Spigen Design Patents by making, using, offering to sell or selling in the United States, or importing into the United States, certain cases for mobile phones, including the Trianium Protak Series for iPhone 6/6S, Trianium Duranium Series for iPhone 6/6S and iPhone 7 Plus, and Trianium Protanium Series for iPhone 6/6S, iPhone 7, and iPhone 7 Plus ("Accused Design Products"). (*See* Dkt. No. 101).

Defendants contend that the Spigen Design Patents are invalid, *inter alia*, for alleged inequitable conduct. (*See* Dkt. No. 138 at 17-21). Specifically, Defendants contend that the '607 Patent is invalid because the original application was filed by an employee of Spigen's U.S. subsidiary who was neither an inventor nor a patent practitioner. (*See id.* at 18). According to Defendants, this alleged misrepresentation "was the 'but for' cause of the '607 Patent being issued," allegedly because "[h]ad the USPTO been made aware that the application that became the '607 Patent had been filed by a non-practitioner, it would not have accepted the application and would not have issued the '607 Patent." (*Id.*). Defendants further contend that the '620 Patent and the '648 Patent – both of which claim priority to the application that became the '607 Patent – are invalid because the alleged inequitable conduct of the parent applications taints the '620 Patent and the '648 Patent, rendering them invalid. (*See id.* at 20-21).

## B. Relevant Procedural History Before the USPTO

### 1. The Applications

The application that led to the '607 Patent – Application No. 29/495,236 (the "Application") – was filed on June 27, 2014, listing Spigen's CEO Dae-Young Kim as the inventor. (*See* front page of Ex. 1 to the Declaration of Brian G. Arnold ("Arnold Decl.") filed herewith). The applications leading to the '620 Patent and

4833-5811-9289.6

2

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS

the '648 Patent were filed on June 14, 2016, claiming priority to the Application that led to the '607 Patent, with both listing Mr. Kim as the inventor. (*See* front page of Exs. 2 and 3 to the Arnold Decl.).

**2. The Sept. 4, 2018 Petition**

On September 4, 2018, pursuant to 37 C.F.R. §§ 1.67 and 1.182, Spigen's patent counsel filed a Petition with the USPTO ("Petition"), seeking to have a Supplemental Declaration for Utility or Design Patent Application signed by the inventor Dae-Young Kim ("Supplemental Declaration") placed into the file of the '607 Patent.[2] Spigen submitted the Supplemental Declaration because it learned during the instant litigation that Mr. Kim did not personally sign or file the original Application. (*See* Arnold Decl., Ex. 4 at SK-21094). Instead, through a lack of knowledge of the technical requirements of U.S. patent law and without deceptive intent, Mr. Kim had authorized and directed another person affiliated with Spigen to insert Mr. Kim's S-signature and file the Application. (*See id.*; *see also* Arnold Decl., Ex. 5 at ¶¶ 4-5).

**3. The Sept. 4, 2018 Supplemental Declaration**

As detailed in the Supplemental Declaration, before the Application was filed, Mr. Kim reviewed and understood the Application, the original Declaration for Utility or Design Patent Application ("Original Declaration") (Arnold Decl., Ex. 4 at SK-21102), and the Application Data Sheet (*id.* at SK-21105 – SK-21109). (*See* Arnold Decl., Ex. 5 at ¶¶ 3-4). Mr. Kim authorized Sang Hoon Jun, an employee of the U.S. subsidiary of Spigen, to insert Mr. Kim's S-signature to the Original Declaration and Application Data Sheet on Mr. Kim's behalf, and to file the

[2] The filed version of the Petition – with all supporting Exhibits and filing receipts – is attached as Exhibit 4 to Arnold Decl. This document was obtained from the USPTO website, and the Supplemental Declaration has low resolution; accordingly, a higher resolution version of the same Supplemental Declaration is attached as Exhibit 5 to the Arnold Decl.

documents with the USPTO for Mr. Kim.  (*See id.*at ¶ 4).  Mr. Kim intended for the S-signature to be binding upon him in all respects as if he had signed the documents personally and filed the Application himself.  (*See id.*).

Mr. Kim did not intend to deceive the USPTO by authorizing Mr. Jun to insert Mr. Kim's S-signature and file the Application for Mr. Kim.  (*See id.*at ¶ 5).  As Mr. Kim explained in his declaration,

> I believed that having Mr. Jun insert my S-signature on my behalf with my authorization and file the '236 Application for me was an acceptable manner of having my S-signature inserted to the foregoing documents and filing the '236 Application, and that it was equivalent to me signing personally and filing myself.  I had no knowledge during the prosecution of the '236 Application that this might be deemed by some to conflict with any technical requirements of the United States patent laws, or any preferred practice of the USPTO. I did not intend to deceive or defraud the USPTO by having my S-signature inserted in this manner and having the foregoing documents filed for me.

(*Id.*).  In conjunction with his Supplemental Declaration, Mr. Kim "re-read and re-reviewed all of the statements made" in the Application, the Original Declaration, the Application Data Sheet, and the Power of Attorney, and he reaffirmed "that all of the statements made therein on my own knowledge are true, and that all statements made therein on information and belief are believed by me to be true." (*Id.* at ¶ 7).

4833-5811-9289.6

4

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS

## III. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case. *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the movant meets its burden, the burden shifts to the non-moving party to set out specific material facts showing a genuine dispute for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, the non-moving party must present specific, admissible evidence identifying the basis for the dispute. *See id.* "The mere existence of some alleged factual dispute between the parties 'will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.'" *Va. Innovation Scis. Inc. v. Samsung Elecs. Co.*, 11 F. Supp. 3d 622, 638 (E.D. Va. 2014) (quoting *Anderson*, 477 U.S. at 247-48). To survive summary judgment, the non-moving party must present "evidence on which the jury could reasonably find for [the non-moving party]." *Anderson*, 477 U.S. at 252.

The Court need not "comb the record" looking for other evidence; it is only required to consider evidence presented in the parties' briefs and the portions of the

4833-5811-9289.6

5

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS

record cited therein. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001).

**B. Inequitable Conduct**

Inequitable conduct "is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). "To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Id.* at 1287. "The accused infringer must prove both elements – intent and materiality – by clear and convincing evidence." *Id.*

For the intent prong, "the intent in question is an intent to deceive the patent office into issuing the patent, not merely the intent to do what was done in prosecution." *3M Innovative Properties Co. v. Dupont Dow Elastomers LLC*, 361 F. Supp. 2d 958, 977 (D. Minn. 2005) (*citing Therma-Tru Corp. v. Peachtree Doors, Inc.*, 44 F.3d 988, 995 (Fed. Cir. 1995)). Moreover, the accused infringer must establish, by clear and convincing evidence, "that specific intent to deceive the USPTO is the 'single most reasonable inference' to be drawn from the evidence." *Va. Innovation*, 11 F. Supp. 3d at 642 (quoting *Therasense*, 649 F. 3d at 1290). "[W]hen there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Therasense*, 649 F. 3d at 1290-91.

For the materiality prong, "the materiality required to establish inequitable conduct is but-for materiality." *Id.* at 1291. "'But-for' materiality requires that 'the PTO would not have allowed a claim [or issued the patent] had it been aware of' the alleged misconduct." *Va. Innovation*, 11 F. Supp. 3d at 640 (quoting *Therasense*, 649 F. 3d at 1291).

4833-5811-9289.6

6

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS

## IV. ARGUMENT

This Court should grant Spigen's summary judgment motion on Defendants' inequitable conduct counterclaims regarding the Spigen Design Patents. Even drawing all reasonable inferences in Defendants' favor, there is no genuine dispute as to any material fact and Spigen is entitled to judgment as a matter of law. Spigen is entitled to summary judgment for two independently sufficient reasons, as detailed below.

### A. Defendants Cannot Prove Specific Intent to Deceive the USPTO Into Issuing the '607 Patent.

Spigen is entitled to summary judgment because no reasonable fact finder, under the clear and convincing evidence standard, could conclude as the single most reasonable inference that Mr. Kim had the specific intent to deceive the USPTO into issuing the '607 patent. *See Therasense*, 649 F. 3d at 1290. It is reasonable to infer that, when Mr. Kim authorized Mr. Jun to enter Mr. Kim's S-signature and file the Application on Mr. Kim's behalf, Mr. Kim did so without intending to deceive the USPTO. Indeed, it is reasonable to infer that Mr. Kim believed that having Mr. Jun insert Mr. Kim's S-signature, and file the '236 Application with Mr. Kim's authorization, was acceptable and equivalent to Mr. Kim signing personally and filing himself. And in fact, as explained in his Supplemental Declaration, Mr. Kim actually held this belief. (*See* Arnold Decl., Ex. 5 at ¶ 5). Defendants have no evidence of specific intend, despite five days of depositions of Mr. Kim and Spigen's patent counsel. Because Defendants cannot prove specific intent to deceive by clear and convincing evidence, Spigen is entitled to summary judgment on Defendants' inequitable conduct claims.

In *Va. Innovation Scis. Inc. v. Samsung Elecs. Co.*, the Eastern District of Virginia granted summary judgment on inequitable conduct claims in a scenario similar to the instant action. 11 F. Supp. 3d at 635-44. Dr. Wang – one of the co-

4833-5811-9289.6

7

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS

inventors of the patent-in-suit – had signed a declaration of inventorship on behalf of Prof. Halal, the co-inventor, and filed the application *pro se*. *Id.* at 635-36. Dr. Wang allegedly "was not aware of the PTO requirement that the declaration of inventorship contain original signatures of all co-inventors." *Id.* at 636. After the patent issued, VIS asserted the patent against Samsung, and Samsung raised inequitable conduct counterclaims based on the improper signature. *Id.* at 625. In opposition to VIS's motion for summary judgment on the counterclaims, Samsung argued that Dr. Wang's intent in signing the Prof. Halal's name presented a genuine issue of material fact, and that "VIS cannot prove otherwise by simply introducing contradictory testimonial evidence." The district court disagreed. *Id.* at 637. No facts indicated that Dr. Wang was unable to obtain Prof. Halal's signature, or that Dr. Wang believed that original signatures were required. *Id.* at 642. To the contrary, both co-inventors believed that Prof. Halal could authorize Dr. Wang to sign on his behalf. *Id.* Based on this evidence, the district court ruled that

> even drawing all reasonable inferences in Samsung's favor, no reasonable fact finder could find, under the clear and convincing evidence standard, that the most reasonable inference is that Dr. Wang had the specific intent to deceive the USPTO into issuing the claims. Thus, there is no genuine issue of material fact with regard to the required specific intent prong of inequitable conduct and summary judgment for VIS is merited.

*Id.* at 643.

In *Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, the accused infringer likewise contended that the patent-in-suit was invalid due to an improper signature. 228 F.3d 1338, 1343-44 (Fed. Cir. 2000). Rather than signing the declaration of inventorship himself, one of the co-inventors had authorized another to sign. *Id.*

4833-5811-9289.6

8

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS

After ADM asserted inequitable conduct allegations in the litigation, the patentee filed a declaration with the USPTO "stating that the filings wherein the signatures of some inventors were entered by others with the inventors' authorization 'was the result of a lack of knowledge of the technical requirements of U.S. patent law and was made without any deceptive intent.'" *Id.*at 1344. The district court found insufficient evidence of deceptive intent, and the Federal Circuit affirmed. *Id.* at 1344-45.

Likewise, in the instant action, there is no evidence of specific intent to deceive the USPTO. This Court can grant Spigen's motion for summary judgment on this ground alone. But even if this Court declines to grant summary judgment on this ground, another independently sufficient ground exists – Defendants cannot establish "but-for" materiality.

**B. Defendants Cannot Prove "But-For" Materiality Regarding the '607 Patent By Clear And Convincing Evidence.**

Spigen is entitled to summary judgment because Defendants cannot establish "but-for" materiality by clear and convincing evidence. "'But-for' materiality requires that 'the PTO would not have allowed a claim [or issued the patent] had it been aware of' the alleged misconduct." *Va. Innovation*, 11 F. Supp. 3d at 640 (quoting *Therasense*, 649 F. 3d at 1291).

Had the USPTO been aware that Mr. Jun signed Mr. Kim's name, and filed the Application, with Mr. Kim's authorization, the USPTO would have provided the opportunity to remedy the error through the submission of a supplemental declaration pursuant to M.P.E.P. § 602.03. *See Va. Innovation*, 11 F. Supp. 3d at 643. According to the current version of § 602.03, "non-examiner staff will review inventor's oaths or declarations at or after allowance of an application for compliance with 37 C.F.R. § 1.63 or 1.64 and will send a requirement to the applicant to correct any deficiencies." M.P.E.P. § 602.03. And as the district court

cited in *Va. Innovation*, 35 U.S.C. § 26 provides that "[a]ny document to be filed in the Patent and Trademark Office and which is required by any law, rule, or other regulation to be executed in a specified manner may be provisionally accepted by the Director despite a defective execution, provided a properly executed document is submitted within such time as may be prescribed." In addition, 37 C.F.R. § 1.67(a) provides that "[t]he applicant may submit an inventor's oath or declaration meeting the requirements of § 1.63, § 1.64, or § 1.162 to correct any deficiencies or inaccuracies present in an earlier-filed inventor's oath or declaration."

In the instant action, as in *Va. Innovation*, "but-for" materiality cannot be established, because the USPTO would not have declined to issue the patent had it been aware of the improper signature. Rather, the USPTO would have provided Spigen with an opportunity to correct the error. No genuine issues of fact are in dispute, and this Court should grant summary judgment as a matter of law on Defendants' inequitable conduct counterclaim regarding the '607 Patent.

### C. This Court Should Grant Summary Judgment on Defendants' Inequitable Conduct Counterclaims Regarding the '620 and '648 Patents.

The sole basis for Defendants' inequitable conduct counterclaims regarding the '620 and '648 Patents is that the inequitable conduct with respect to the '607 Patent taints the later-filed patents, rendering them invalid. (*See* Dkt. No. 138 at 20-21). As detailed above, Spigen is entitled to summary judgment regarding the inequitable conduct counterclaim for the '607 patent. No inequitable conduct taints the '620 and '648 Patents, and this Court should grant summary judgment on Defendants' counterclaims.

4833-5811-9289.6

10

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS

## V. CONCLUSION

For the foregoing reasons, Spigen respectfully requests that the Court grant its motion for summary judgment regarding Defendants' counterclaims for inequitable conduct on the Spigen Design Patents.

Dated: October 29, 2018

Respectfully submitted,

*/s/Brian G. Arnold*

Brian G. Arnold
Joshua D. Curry
Josephine A. Brosas
Jean M. Kim
LEWIS BRISBOIS BISGAARD
& SMITH LLP

*Attorneys for Plaintiff Spigen Korea Co., Ltd.*

4833-5811-9289.6

11

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INEQUITABLE CONDUCT COUNTERCLAIMS RE D'607, D'620, AND D'648 PATENTS